(13 App. Div. 291.)

### LEWIS v. DOYLE et al.

(Supreme Court, Appellate Division, First Department. January 22, 1897.)

1. SALES—WARRANTY—SELLER'S KNOWLEDGE OF FALSITY.
    In an action for breach of warranty in the sale of chattels, plaintiff need not prove that defendant knew that the warranty was false.

2. DAMAGES—BREACH OF WARRANTY.
    The rule that the measure of damages for breach of warranty is the difference between the value of the property if the warranty were true and the actual value does not apply where the seller, after breach of the warranty, accepted back the property; the measure of damages in such case being the purchase price.

Appeal from trial term, New York county.

Action by Maggie Lewis against John Doyle and George T. Cook to recover for breach of warranty of a horse sold to plaintiff. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

A. F. McCabe, for appellants.
Charles W. Coleman, for respondent.

RUMSEY, J. The action was brought to recover damages for a breach of warranty upon the sale of a horse, which the defendants made to the plaintiff. The plaintiff alleged in her complaint that, upon discovering that there had been a breach of the warranty, she returned the horse to the defendants, and that it was accepted and retained by them. She alleged that she had sustained damages in the sum of $400, which sum she had demanded from the defendants, but they had refused to pay it to her. Upon the trial, proof was given, on the part of both plaintiff and defendants, as to the breach of the warranty. Evidence was also given by both parties upon the question whether or not Mr. Doyle, after he had been informed that there had been a breach of the warranty, agreed to take the horse back. These two questions were submitted to the jury by the learned trial justice, and they were instructed that, if they found in favor of the plaintiff, the damages should be $400, with interest from the time of the commencement of the action. No exception was taken to this instruction of the court, nor was any request made to submit any other questions to the jury than were submitted. The jury found a verdict for the plaintiff for

$400, and interest from the time of the commencement of the action. After a motion for a new trial had been denied, the defendants appealed from the judgment and from the order denying the motion.

At the close of the plaintiff's case, a motion was made to dismiss the complaint upon the ground that there was no evidence that the defendants knew, prior to the sale of the horse, that it had, at any time previous to the sale, either shied or balked or reared up or plunged. This motion was denied, and the defendant excepted. It is very clear that the court did not err in refusing to grant the motion. The action is for a breach of warranty, and upon such a cause of action it is not necessary to allege or prove that the defendant was aware of the falsity of the warranty. His liability does not accrue because of any false representation or deception on his part, but solely because he has made a contract which has been broken.

The defendants claim that the rule of damages adopted by the court was erroneous, and, to a certain extent, that claim is undoubtedly well founded. Where there is a breach of a covenant of a warranty of chattels, the buyer has no right to rescind, but his remedy is to recover from the seller his damages, upon the theory that the contract is still outstanding; and those damages are the difference between the value of the property as it would have been had it come up to the warranty, and its value as it was with the defects which constituted a breach of the warranty. If this rule of damages had been applied in this action, it would undoubtedly have required a different verdict. But it was not the proper rule to apply in this action, because the plaintiff proved, and the jury found, that, after the breach of the warranty, the plaintiff had given back the horse to the defendants, who had accepted and retained it. That being the case, a verdict for the plaintiff for the difference in value of the horse as it was, and a sound horse, would manifestly have been unjust. The only way in which the plaintiff could be made good as the result of the transaction was that she should be entitled to recover the purchase price of the horse which the defendants retained. If she recovered anything less after the defendants had accepted the horse, the defendants would have had the horse and a portion of the purchase price, and the effect would have been that they would have received a premium for their · breach of warranty, while the plaintiff would have had neither horse nor money, except that portion of the purchase price which the jury gave back to her. She clearly could have been made good, as the result of the transaction which the jury found, only by giving to her precisely what was given to her,—the total amount of the price she paid for the horse, and interest. The learned court was correct, therefore, in not applying to this case the rule which usually obtains in actions for a breach of warranty of chattels. It is not necessary, therefore, to discuss under what circumstances the court will grant a new trial when an error has been made which has not been excepted to, for nothing or the kind appears in this case.

The judgment must be affirmed, with costs. All concur.