### FOWLER v. ANDERSON.

(Supreme Court, Appellate Division, Third Department. May 21, 1909.)

1. APPEAL AND ERROR (§ 878*)—REVIEW—EXCEPTIONS BY PREVAILING PARTY.

Exceptions to the refusal to submit a question to the jury, made by plaintiff, who recovered judgment, are not reviewable on defendant's appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3573; Dec. Dig. § 878.*]

2. APPEAL AND ERROR (§ 930*)—REVIEW—PRESUMPTIONS—FINDING SUPPORTING VERDICT.

Where, in an action for breach of warranty on the sale of a team, the court refused to submit the issue of a breach tendered by the pleadings and evidence, and charged that the question for determination was defendant's knowledge of hidden defects or latent conditions that could not be revealed by ordinary inspection, which he ought to have disclosed, and made plaintiff's right to recover dependent on defendant's knowledge thereof, it is presumed that the verdict in plaintiff's favor was based on a finding that defendant had such knowledge and failed to disclose it.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 930.*]

3. NEW TRIAL (§ 68*)—GROUND—VERDICT ON ISSUE NOT PRESENTED OR TRIED.

Where the verdict is based on a finding as to an issue not presented or tried, there is a mistrial, and a new trial should be granted.

[Ed. Note.—For other cases, see New Trial, Dec. Dig. § 68.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Saratoga County.

Action by Howard C. Fowler against Frank Anderson. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

James H. Bain, for appellant.
George R. Salisbury, for respondent.

CHESTER, J. The action was brought to recover damages for a breach of warranty made upon the sale of a team of horses. The defense was a denial. Although the question of a breach of warranty was the issue tendered by the pleadings and the one upon which much of the evidence upon the trial was taken, yet the court charged in substance that there was no question of warranty in the case, and refused to submit that question to the jury. The plaintiff excepted; but, as the judgment was in his favor, his exceptions are not up for review.

The court charged, in substance, that the question for the jury to determine was as to whether the defendant had knowledge of hidden defects in the horses, or of latent conditions that could not be revealed by ordinary inspection, which he ought in fairness to have disclosed to the plaintiff, and that if he had no such knowledge the plaintiff could not recover, but if he had such knowledge then he must compensate the defendant for damages. It is presumed that the verdict in favor of the plaintiff was based upon a finding that the defendant had such knowledge and failed to disclose it; but that was not the issue presented or tried, and consequently there was a mistrial.

Even if we could find enough in the evidence to support a verdict for the plaintiff on the questions of the alleged warranty and the defendant's breach thereof, yet no such verdict has been found, and no such questions submitted. The verdict in favor of the plaintiff being based upon matters outside of the issues, we think there must be a new trial.

Judgment and order reversed, and a new trial granted, with costs to abide the event. All concur.