CONSTANT D. VITAL and Another, Appellants, *v.* " MOSES " JANDORF, the Name " MOSES " Being Fictitious, the Defendant's Real Name Being Unknown to Plaintiffs, and Another, Respondents.

First Department, November 14, 1924.

Sales — action for breach of warranty on sale of bags by sample — bags were shipped directly to plaintiffs' customer by defendants — examination of bags by plaintiffs before contract did not waive right to recover for breach of warranty — letter written by plaintiffs to their customer after shipment, stating that some bags had been examined before shipment and that right bags might not have been shipped was irrelevant.

The right of the plaintiffs to recover damages for a breach of warranty of quality upon the sale of second-hand bags to them by the defendants by sample was not waived or forfeited by the plaintiffs examining several bales of the bags prior to the making of the contract.

A letter written by the plaintiffs to their customer to whom the bags were shipped by the defendants, in which they stated, in answer to their customer's complaint about the quality of the bags, that they had examined several bales

of the bags and found them all right and that possibly the right bags had not been shipped, was not relevant on the question of whether or not there was a sale of goods by sample, whether the goods sent conformed to the sample, and whether there was reasonable notice of breach of the contract, since it was written after the alleged breach occurred. Furthermore, the letter was no part of the contract and did not show an exercise of the right to examine the goods or of the waiver of such right.

APPEAL by the plaintiffs, Constant D. Vital and another, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 16th day of February, 1923, upon the dismissal of the complaint at the close of the plaintiffs' case, and also from an order entered in said clerk's office on the same day denying the plaintiffs' motion for a new trial made upon the minutes.

*Harrington, Bigham & Englar* [*Arthur W. Clement* of counsel; *Vine H. Smith* with him on the brief], for the appellants.

Respondents in person.

McAVOY, J.:

In this cause the respondents' attorney withdrew because the defendant Ginsberg in his schedules in bankruptcy filed after the judgment was entered herein listed the fee which he owed his attorney as a debt to be discharged.

The suit was brought on a contract of sale of 80 bales of second-hand bags, 250 bags in a bale, 20,000 bags in all, which were marked for shipment to a consignee of plaintiffs at Jacmel, Haiti. The bags were, according to the contract, to be " second-hand bags * * * as per sample submitted by Mr. Jandorf," and " sugar bags, * * * washed and mended as sample."

The trial court held that plaintiffs' order was a complete written contract with an express warranty that the bags delivered by defendants under the order should conform to the sample submitted by them. The defendants admitted the making of the contract, the delivery of the bags and payment by plaintiffs of the purchase price of $5,800. They then allege that the bags were in conformity with the sample and were agreeable to the contract of sale. The bags were delivered by the defendants, not to the plaintiffs' own possession, but to the steamship company at its dock to be shipped to plaintiffs' customer in Haiti. Plaintiffs claim that they relied solely on the warranty that the goods shipped would conform to the sample; that the warranty survived the shipment because no opportunity of inspection was then afforded, and that upon arrival and inspection in Haiti four-fifths of the bags were found to be greatly inferior to the sample bag, in that

the sample bag was washed and mended and these four-fifths of the lot shipped were not in such condition and were of a quality distinctly inferior to the sample bag; that the bags contained large holes which were not mended, and that their value, as compared to the sample bag, was about twenty cents per bag, or $4,000, whereas they would have been worth, if conformable to the sample, forty cents per bag, or $8,000. The demand for damage was for the difference.

Plaintiffs proved that they never examined the bags shipped and that after delivery to the dock they could not have examined them since they were packed in bales and shipped to go forward on the steamer at its pier and that examination before sending was not contemplated. They also showed that whatever injury happened to them was not due to handling on the dock and that the condition shown to have existed could not have been due to improper handling.

The proof justified a finding that the bags delivered by defendants to the steamship company were in bad condition on the date of delivery, March 8, 1918, and that the defects discovered on their arrival at Haiti were not due to the handling at the pier prior to departure of the steamer. The evidence was also sufficient to indicate that inspection of the goods prior to their departure was not contemplated by the parties and that plaintiffs were not bound to examine the goods before export, and also that a reasonably prompt notice had been given of the defects to defendants upon the examination in Haiti. The court, however, dismissed the complaint because it held that plaintiffs exercised the right to examine the goods before shipment. This ground of dismissal was based on a letter which was written by one of the plaintiffs, one Stempel, formerly a partner in plaintiffs' firm, to their purchaser in Haiti, in reply to a letter from this purchaser in which complaint was made of the condition of the bags. This purchaser had written on the arrival of the bags complaining of their condition four days after the arrival of the steamer at Jacmel, Haiti, which was May tenth. The letter was received here May twenty-third, and one of the plaintiffs' firm telephoned to one of the defendants, who came to see him, and he translated the letter from Haitian into English and read it to said defendant. On May twenty-fourth the partner, Stempel, wrote to Haiti, to the purchaser there, saying that the bags had been investigated while they were in the warehouse prior to the shipment and suggested that the bags found to be in bad condition and of inferior quality were bags which had been substituted and delivered to the pier in place of those which had been examined in the warehouse four weeks before. This letter,

upon which the court relied, was written on May 24, 1918. The contract was made on March 5, 1918. The contract in the form of an order was a direction to ship the goods to the dock. The letter contains a statement that prior to the contract being made eight bales of some of the bags were opened and found in good condition. The evidence shows that this examination was made in the warehouse weeks before the contract of sale was made and before the bags were delivered at the pier. The letter itself shows that the writer doubted whether the bags examined were the ones that were shipped after the examination.

Plaintiffs and defendants made the contract in suit, which was a contract for the shipment and sale of goods by sample, and such contract gave plaintiffs a right to recover for breach of the warranty, and this right was not waived or forfeited by an examination of some bales before the contract was made because plaintiffs were entitled to rely on the warranty.

The letter itself shows that the plaintiffs did not abandon the right to insist on the warranty after acceptance. The ruling that this letter showed that the plaintiffs exercised the right to examine the goods before shipment, and found them to be in good condition and thus waived the warranty, was erroneous. The letter was no more than a statement made by plaintiffs to their customer assuring him that they had not neglected an examination of the goods and bore no relation to the parties' rights under the contract. The breach was committed by failure to conform the goods to the sample before the letter in question was written, and the letter was not, therefore, relevant on the questions of whether or not there was a sale of goods by sample; whether the goods sent had been conformed to the sample, and whether there was reasonable notice of a breach of the contract. The proof here showed a sale of goods by sample; a delivery of goods inferior to the sample; a timely examination after delivery, and reasonable notice to defendants of a breach of the warranty.

The letter written, therefore, by one of the plaintiffs to the consignee at Haiti after the making of the contract and after delivery of goods at Jacmel was no part of the contract and does not show an exercise of the right to examine the goods or of a waiver of such a right. The letter at most could be some evidence that eight bales, ten per cent of the entire lot, were in good condition, and plaintiffs themselves concede that twice that number were in good condition. The damages sought are for compensation for a breach of the warranty of eighty per cent of the goods. The letter itself does not show that the bags which were examined in the warehouse were the same which were shipped, and suggests

that they may have been exchanged for the ones bought. Even, however, if it were true that plaintiffs examined some bags in the warehouse, or examined six or eight bales of the bags shipped, nothing in this precluded them thereafter from contracting with defendants for the purchase of the bags by sample and it did not nullify defendants' obligations under the contract to furnish bags which conformed to the sample.

The judgment and order should be reversed and a new trial ordered, with costs to appellants to abide the event.

CLARKE, P. J., DOWLING, FINCH and MARTIN, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellants to abide the event.