68

SIKES CO., Inc. v. SWIFT & CO.

Civ. No. 3774.

United States District Court
W. D. New York.

Dec. 12, 1949.

Kimball, Smith, Miller, Murphy & Roberts, of Buffalo, N. Y. (Clayton M. Smith and James R. Ulsh, of Buffalo, N. Y., of counsel), for plaintiff.

Kenefick, Cooke, Mitchell, Bass & Letchworth, of Buffalo, N. Y. (Robert M. Hitchcock, of Buffalo, N. Y., of counsel), for defendant.

KNIGHT, Chief Judge.

This action was commenced in Supreme Court: Erie County, New York, but was removed to this court.

The original complaint, demanding $500,000 damages, alleges three causes of action. The *first*, based on breach of express warranty, alleges that, between June 14 and December 1, 1946, plaintiff purchased from defendant two 5-gallon drums and 15 barrels or drums containing about 50 gallons each of synthetic glue to be used in plaintiff's business for manufacture of chairs and other furniture, and particularly for gluing certain joints in chairs made by plaintiff and known as the "Bank of England"; that plaintiff, before purchasing, expressly made known to defendant the particular purpose for which the glue was needed and defendant warranted that the glue was reasonably fit and plaintiff relied on defendant's skill and judgment; that the glue was not fit for the purpose for which it was purchased; that a large number of plaintiff's "Bank of England Chairs", glued with defendant's glue, were returned to plaintiff because of defects and it has and will suffer great business losses. The *second* cause of action, apparently based on breach of express contract, contains substantially the same factual allegations as the first. The *third* cause of action, based on the same facts, stresses plaintiff's resulting loss of business. Sikes Co., Inc., v. Swift & Co., D.C.1949, 9 F.R.D. 19.

Plaintiff now moves to amend its complaint by adding a *fourth* cause of action which alleges in substance in paragraph 22nd that, at various times between June 14 and December 1, 1946, it purchased from defendant synthetic glue to be used in manufacture of its furniture, expressly made known to defendant the particular purpose for which the glue was to be used; that defendant through its advertising and its duly authorized agents and employees, carelessly and recklessly represented to plaintiff that the glue was reasonably fit and suitable

for the purpose for which it was sold; that defendants through its advertising, agents and employees further carelessly, recklessly and negligently represented that the glue "was such that the various parts of the furniture manufactured by the plaintiff with said glue would be strong and would hold * * *; that the said glue was in all respects equal to animal glue which the plaintiff had previously used in the manufacture of its furniture and would do everything that animal glue would do * * * that the glue which it proposed to sell to the plaintiff, and which it did sell * * *, was in all respects suitable, proper and adequate for use by the plaintiff in the manufacture of its furniture"; that said statements and representations were made with intent to have plaintiff rely upon them and "without adequate, proper or sufficient knowledge of the suitability of the said synthetic glue for use by the plaintiff in the manufacture of its furniture, and were made with the express purpose of having th plaintiff rely upon (them)"; that plaintiff, in purchasing the glue, did rely upon them "and upon defendant's alleged knowledge of its product and upon its skill in manufacturing the same."

Paragraph 23rd of the proposed *fourth* cause of action alleges in substance that said glue was not reasonably fit for the purpose for which it was sold; that it "was insufficient, inadequate, unsuitable, defective and improper" for use in manufacture of plaintiff's furniture; that said statements and representations "were false and untrue, and the said glue proved to be wholly unfit for use in the manufacture of furniture by the plaintiff, and such defects, failure and insufficiencies in the furniture so manufactured * * * with the use of the defendant's glue caused by (it) not being suitable for such use and because * * * defendant through its advertising and through its duly authorized agents and employees had carelessly, recklessly and negligently stated that the glue so sold by it was fit for such purposes; that when the plaintiff discovered that the said glue * * * was inadequate, insufficient and unsuitable * * * the plaintiff gave no-tice to the defendant of the failure of said glue, as aforesaid."

Paragraph 24th alleges: "That by reason of the careless, reckless and negligent statements and representations made to the plaintiff by the defendant this plaintiff has sustained damage in the sum of $500,-000.00."

Plaintiff alleges in its notice of motion: "That the reason why such motion has not been heretofore previously made is that the depositions of the defendant's employees taken on August 2nd and 3rd, 1949, by the plaintiff in Chicago, Illinois, elicited facts which were not previously known to the plaintiff inasmuch as such facts are technical in their nature and were such that they could not be discovered by the plaintiff in any manner other than by deposition * * *."

The supporting affidavit of Clayton M. Smith, one of plaintiff's attorneys, verified October 4, 1949, alleges that deponent, on August 2 and 3, 1949, went to Chicago to take depositions "of several members of defendant's organization, including Dr. Roy C. Newton, one of the vice presidents of the company and director of research; Harold Mitchell, his assistant; also Dr. Harland Young, head of the research laboratory; Edward R. Paul, head of the adhesive division of the defendant company; also Frank Cox, one of the salesmen employed by the defendant."

Deponent further alleges that witness Paul "was presented with certain technical data and other written information put out by the defendant for * * * advancing the sale of Glu-Bond and questioned as to the authorship of the information therein contained; that in some instances he was unable to give the source * * * and in other instances he either claimed that the information came from his department or from the research laboratory under the direction of Dr. Young." Deponent alleges that salesman Cox "evidenced some vagueness as to the source of some of the information * * * but stated that most of the information * * * came from the adhesive department under the direction of Mr. Paul and that was where he

received his instructions * * *. Dr. Young * * * was shown some of the technical data and other information * * * and asked whether * * * he was the author or source of that information.· In some instances (he) testified that he was the source, in others that he was not sure, and in certain other instances he denied that he had furnished such information to the adhesive department."

Deponent further alleges that upon reading the depositions of these witnesses "and conferring with his associates and his client and its employees, (he) concluded that in the interest of justice and the proper presentation of any and all causes of action which the plaintiff might have against the defendant, the' pending motion should be made for permission to amend the complaint so as to set up such additional cause of action, based upon careless, reckless, and negligent statements made by the defendant through its employees."

Deponent finally alleges:

"That the reason (he) has not set forth the particular testimony in such depositions which, it is claimed, form the basis for the charge of careless, reckless, and negligent statements, is that he feels that to do so would be to disclose to the plaintiff (?) in advance of the trial some of the evidence on which the defendant (?) depends to establish this particular cause of action and the subject matter of further cross examination of the defendant's witnesses upon the trial of this action."

The meaning of this last quoted paragraph is eclipsed. Rule 30(f) of Federal Rules of Civil Procedure, 28 U.S.C.A., requires that depositions upon oral examination shall be filed and that "upon payment of reasonable charges" a copy of the deposition shall be furnished "to any party or to the deponent."

Robert M. Hitchcock, one of defendant's attorneys, in his opposing affidavit, verified October 7, 1949, alleges that, "apart from several conclusions," the Smith affidavit "makes just one statement of fact that has any bearing upon the motion," viz. the last paragraph quoted above; "that the express refusal of plaintiff to inform the Court or counsel for the defendant of any *facts* which form the basis either of the cause of action or for the exercise of discretion in this Court makes it impossible for deponent, and equally for the Court, to understand plaintiff's position. Plaintiff is asking for relief within the discretion of the Court and flatly and affirmatively refuses to disclose any basis upon which the Court may rule on the application."

Deponent further alleges: "In support of its claim that warranties were made in writing *to plaintiff,* upon which it relied, plaintiff submitted a so-called data sheet which is Exhibit 8-C attached to its original answers to the interrogatories; and in further answer to (them), ordered by the Court, referred to certain of defendant's advertisements in four issues, during 1946, of 'Wood Products' magazine. These are the only writings which plaintiff has made any claim as constituting .warranties and representations made to it and upon which it claims to have relied."

Rule 15(a) of Federal Rules of Civil Procedure provides: "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

Defendant's answer in this case was filed June 28, 1948.

Plaintiff's counsel in their memorandum assert:

"The original complaint contains three causes of action * * * based upon breach of warranty and misrepresentation * * *. At the time the complaint was drawn the plaintiff did not and could not know that the necessary elements existed which would enable it to set forth the cause of action which it now seeks to include in the complaint. This cause of action in substance alleges that the defendant carelessly, recklessly and negligently made certain claims with respect to its product, which claims the plaintiff relied upon with the result that it sustained the damages

which have previously been set forth in the complaint and which have been explained in the interrogatories."

Since plaintiff in none of the four causes of action relies on any foreign statute, they must be decided by the law of the forum. Section 93 of the Personal Property Law of the State of New York, McK.Consol. Laws, c. 41, provides: "Any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon * * *."

It has been held that knowledge of the falsity of the representation is not an essential of the seller's warranty. In Lewis v. Doyle, 13 App.Div. 291, 43 N.Y.S. 201, the court said: "His (the seller's) liability does not accrue because of any false representation or deception on his part, but solely because he has made a contract which has been broken." 43 N.Y.S. at page 292, 43 N.Y.S. at page 202. See also Fowler v. Anderson, 132 App.Div. 603, 116 N.Y.S. 1092.

The proposed *fourth* cause of action does not allege fraud or deceit. It alleges only "careless, reckless and negligent statements and representations." While the law does not recognize any special category of negligent warranty, it is not the function of this court to decide whether the proposed amendment states a valid cause of action for common law negligence. Rucienski v. Vanadium Corp. of America, D.C.W.D.N.Y., 6 F.R.D. 313, 314. Plaintiff may set up in its "amended complaint a new cause of action arising out of the same transaction alleged in (its) original pleading." Kuhn v. Pacific Mut. Life Ins. Co. of California, D.C., 37 F.Supp. 102, 103.

Rules 15(c) of Federal Rules of Civil Procedure provides: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

"The filing of an amendment after pleading time has expired is a matter within the sound discretion of the court." Arrow Petroleum Co. v. Johnston, 7 Cir., 162 F.2d 269, 275, certiorari denied 332 U.S. 817, 68 S.Ct. 158.

Since defendant has shown no prejudice likely to result therefrom, plaintiff's motion to amend the complaint by adding the proposed *fourth* cause of action is granted.