■ NATHAN A. FUNK et al., Appellants, v. KAISER-FRAZER SALES CORPORATION, Respondent.— In an action by a husband and a wife to recover damages by reason of personal injury sustained by the wife when her head struck the windshield of their automobile, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County, entered March 9, 1962 after a jury trial, upon the court's oral decision at the close of the plaintiffs' case, which dismissed their complaint. Judgment reversed on the law, with costs to plaintiffs, and new trial granted. No questions of fact were considered. In their amended complaint the plaintiffs alleged a cause of action based upon defendant's breach of the warranty claimed to have been made by it to the plaintiffs when the plaintiff husband purchased the automobile, namely: that the automobile was equipped with a "safety windshield" which, upon impact, would push out, thus preventing injury. In our opinion, the plaintiffs presented sufficient evidence to go to the jury on the question of the defendant's connection with the sale of the automobile and the representations made concerning it. We also note that a plaintiff is no longer limited to express representations made in the contract; he may now reasonably rely upon representations made by a seller through mass media advertisement (*Randy Knitwear* v. *American Cyanamid Co.*, 11 N Y 2d 5). (For prior appeal, see 15 A D 2d 548.) Ughetta, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ TEVEYEH Y. GOLDSMAN, Appellant, v. NEW YORK TELEPHONE Co., Respondent.— In a negligence action to recover damages for personal injury, the plaintiff appeals, as limited by his brief, from an order of the Supreme Court, Kings County, entered September 25, 1964, which in effect denied his renewed motion for a general preference in trial; such denial being predicated, in part, upon the report of an impartial physician designated by the court with the consent of the parties. Order reversed, with $10 costs and disbursements; plaintiff's renewed motion for a preference granted; and action remitted to the court below with the direction that the action be accorded a general preference in trial. Under the circumstances here presented, it was an improvident exercise of discretion to deny the preference. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.