David H. Brind, J.
This action was commenced in the Small Claims Part of this court by the service of a notice pursuant to the Small Claims Act of the State of New York (UCCA, § 1801 et seq.). The matter was brought on for hearing pursuant to such notice on June 4, 1976. The demand by the plaintiff is for a return of the sum of $150 paid the defendant for a used Frigidaire refrigerator together with the sum of $30 paid for delivery and a service call. Both the plaintiff and the defendant acted as their own attorney and each testified before the court under oath.
The defendant, Joanne Dick, offered a used refrigerator for sale by means of a classified advertisement placed in The Geneva Times. The advertisement read as follows: "Also large Frigidaire refrigerator. Good condition. $150.00.” The plaintiff testified that he responded to the advertisement, contacted the defendant and purchased the refrigerator on May 4, 1976. It was then delivered to his home, but never would operate. He therefore demanded his money back which was refused by the defendant. The defendant takes the position that the refrigerator was in fact in good condition as advertised and to support her position, she submitted to the court a repair bill in the amount of $35 paid on February 27, 1976, together with a written statement by the repairman which states: "On Febru *795 ary 27, 1976 I repaired a Frigidaire refrigerator for Joanne Dick of 97 Middle Street, Geneva, New York. The repair consisted of replacing the temperature control and adding freon gas. As of that date, the refrigerator was functioning well.”
To rebut this, the plaintiff submitted a repair estimate from another service repairman stating: "the compressor cycles off on overload, compressor burning off, needs new compressor and drier. Estimate of repair $175.00.” This estimate is dated May 10, 1976, six days after delivery of the refrigerator.
It is apparent from the nature of the repairs required that they were inherent at the time of purchase, and not the result of damage upon delivery or use by the plaintiff. The question then is what, if any, are the rights of the plaintiff.
The Uniform Commercial Code (§ 2-313, subd [1], par [a]) provides that any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
The courts of this State have heretofore held that the buyer’s right to recovery is not limited to express representations made in a contract and the buyer may reasonably rely upon representations made by the seller through mass media advertisement. (Funk v Kaiser-Frazer Sales Corp., 23 AD2d 771.)
This section is interpreted by the Federal Circuit Court of Appeals in Borowicz v Chicago Mastic Co. (367 F2d 751). The court there held that before liability on the theory of express warranty can be imposed upon a seller the following elements must be established: (1) An affirmation of fact or promise by the seller; (2) The natural tendency of the said affirmation or promise was to induce the buyer to purchase goods; (3) That the buyer purchased goods in reliance thereon; (4) A breach of the expressed warranty by the seller; (5) Such breach proximately caused injury to the plaintiff. (See, also, Friedman v Medtronic, 42 AD2d 185. )
These requirements raise a number of questions of fact to be determined. In applying these principles to the case at bar, the court finds that there was in fact an affirmation or promise by the seller in that the refrigerator was represented as in "Good condition”. The court is aware of the case, Ginsberg v Lawrence (121 NYS 337), decided in 1910, more than 50 years before the adoption of the Uniform Commercial *796 Code by the State of New York, in which that court held that the statement that a machine was in "very good condition” was merely an expression of opinion. The Legislature first adopted the warranty provisions by chapter 571 of the Laws of 1911, effective September 1, 1911. This court feels that section 2-313 of the Uniform Commercial Code and earlier provisions of the Personal Property Law, have now repudiated that decision by legislative enactment. See New York Jurisprudence Sales (vol 51, § 159, p 158) wherein the text-writer states: "it is not necessary to the creation of an express warranty that the seller use formal words such as 'warrant’ or ■guarantee’ or that he have a specific intention to make a warranty”, citing Hawkins v Pemberton (51 NY 198) and Fairbank Canning Co. v Metzger (118 NY 260).
This decisional law is embodied in subdivision (2) of section 2-313 of the Uniform Commercial Code, with the further provision that "an affirmation merely of the value of the goods or a statement purporting to be merely the seller’s opinion or commendation of the goods does not create a warranty.”
The court finds that the printed advertisement goes beyond mere affirmation of value, opinion or commendation but definitely relates inherently to the condition of the goods and thus creates an express warranty.
This court does not dispute the good faith on the part of the defendant with respect to the advertisement or the sale. However, good faith on the part of the seller is no defense to an action for breach of warranty (Brisbane v Parsons, 33 NY 332). Nor is the knowledge on the part of the seller that the representation is false an essential part of the warranty (Lewis v Doyle, 13 App Div 291).
The court finds that the natural tendency of this affirmation in the advertisement was to induce this plaintiff to purchase the refrigerator, In fact, the plaintiff, under oath, stated that he purchased the goods in reliance upon this affirmation that the refrigerator was in fact in good condition. The court is convinced, after hearing the testimony and examining the exhibits, that the statements that the refrigerator was in "Good condition” became a part of the basis of the bargain. (See 51 NY Jur, Sales, § 161, p 160.)
A purchaser is not under a duty to amply investigate property before purchasing it where the contract of sale contains an express warranty as to the condition of the property, but he may rely upon the representations made, and *797 if the goods are defective and do not conform to the warranty, he may recover for the breach. (51 NY Jur, Sales, § 168; Vital v Jandorf, 210 App Div 661; Lichtenstein v Rabolinsky, 98 App Div 516, affd 184 NY 520.)
The court finds that there was a breach of this express warranty. The term "Good condition” under these circumstances legally requires the goods sold to be in reasonable working order. Where the item was sold for a fair price but required additional expenditure of more than 100% of the purchase price to put it in working order, the item did not comply with such warranty.
There can be no doubt that the breach of warranty was the proximate cause of the injury to the plaintiff as requested in his demand for judgment.
Therefore, the court finds in favor of the plaintiff and awards the plaintiff judgment against the defendant in the sum of $180. The defendant is entitled to the return of the refrigerator at her cost.