■ GOLD BULLION INTERNATIONAL et al., Respondents, v GENERAL MILLS, INC., Defendant, and AMOS PRESS, INC., Appellant. GOLD BULLION INTERNATIONAL, LTD., et al., Respondents, v GENERAL MILLS, INC., Defendant, and AMOS PRESS, INC., Appellant.—Order unanimously affirmed, with costs. Memorandum: Since the Court of Appeals has held that when plaintiffs have demonstrated that facts "may exist" in opposition to the motion to dismiss, they are entitled to every reasonable doubt in determining whether the allegation of jurisdiction is sufficient to warrant further inquiry; plaintiff is also entitled to the disclosure expressly sanctioned by CPLR 3211 (subd [d]). A prima facie showing of jurisdiction is not required. The jurisdictional issue is likely to be complex and discovery is therefore desirable, indeed may be essential, and should lead to a more accurate determination on the jurisdictional issue than one made solely on the basis of inconclusive affidavits. Where plaintiffs have made a "sufficient start" and have shown their position not to be frivolous, they should have further opportunity to prove other contacts and activities of the defendant in New York as might confer jurisdiction under the long-arm statute, thus enabling them to oppose the motion to dismiss (*Amigo Foods v Marine Midland Bank-N. Y.,* 39 NY2d 391; *Peterson v Spartan Ind.,* 33 NY2d 463, 467; *Longines-Wittnauer Watch Co. v Barnes & Reinecke,* 15 NY2d 443, 467). In *Badger v Lehigh Val. R.R. Co.* (45 AD2d 601, 603) we held that " 'the plaintiff was entitled to the opportunity to show that defendant was transacting business in New York State and, therefore, subject to jurisdiction under CPLR 302 (subd, [a] par. 1). *(Agrashell, Inc. v Sirotta Co.,* 344 F. 2d 583; *Crossley Glove Co. v Wakefield Leathers,* 30 A D 2d 598; *Lohne v City of New York,* 25 A D 2d 440).' " (See, also, *Millner Co. v Noudar, Lda.,* 24 AD2d 326, 331.) Once this procedure is followed Special Term will be in a more knowledgeable position to pass upon defendant's motion to dismiss the complaint for lack of personal jurisdiction. Special Term sent this matter to Trial Term for a prompt trial on the jurisdictional issue. If, following the hearing, plaintiff fails to show more contacts with this State than previously alleged, the complaint properly will be dismissed by Trial Term. If not, the matter should proceed to trial on the merits. This is the correct procedure. (Appeal from order of Onondaga Supreme Court—dismiss complaint.) Present— Marsh, P. J., Cardamone, Mahoney, Dillon and Goldman, JJ.