■ DENISE A. WILTSHIRE et al., Appellants, v A. J. ROBINS COMPANY, INC., Respondent, et al., Defendant. — Appeal from an order of the Supreme Court at Special Term (Cobb, J.), entered July 17, 1981 in Albany County, which granted defendant A. H. Robins Company, Inc.'s motion to dismiss plaintiffs' second cause of action on the ground that it is barred by the applicable Statute of Limitations. In October, 1972, plaintiff Denise A. Wiltshire had an intrauterine device called a Dalkon Shield, which was manufactured and sold by defendant A. H. Robins Company, Inc., implanted into her body by defendant Dr. James Cassidy, Jr. In August, 1978, a diagnosis of pelvic inflamatory disease and bilateral tubo-ovarian masses was made at which time the device was removed leaving her sterile. On January 7, 1981, this action was commenced seeking damages for personal injuries on behalf of plaintiff. Included was a derivative cause of action by her husband. Defendant Robins successfully moved at Special Term pursuant to CPLR 3211 (subd [a], par 5) and section 2-725 of the Uniform Commerical Code to dismiss the second cause of action based upon breach of express and implied warranties on the ground that said cause of action was time barred. On this appeal, plaintiff contends that the exception set forth in subdivision (2) of section 2-725 of the code pertaining to warranties extending to future performance should prevail to extend the Statute of Limitations until the breach was, or should have been, discovered. We believe that the motion, which was made prior to answer and discovery, was prematurely granted. While it is true that plaintiff did not contend that the warranty explicitly extended to future performance of the device or that she relied upon such warranties in her decision to have the device implanted within her body, she did plead that express and implied warranties were made to her and to her physician. This court has held that pleadings are to be liberally construed and defects are to be ignored if a substantial right of a party is not prejudiced (CPLR 3026), and that it is well established that a pleading will not be dismissed merely because it is inartistically drawn (*Macey v New York State Elec. & Gas Corp.*, 80 AD2d 669, 670). Here, the allegations of the complaint must be accepted as true (see *McNaughton v Hudson*, 50 AD2d 863), the motion having been made before the answer was served. Plaintiffs having made a "sufficient start" and having shown their position and that facts "may exist" to prove that defendant Robins' warranties explicitly extended to future performance thus falling within the statutory exception (Uniform Commercial Code, § 2-725, subd [2]), should have an opportunity to evince those facts through disclosure (see *Gold Bullion Int. v General Mills*, 53 AD2d 1045). On the basis of the inconclusive affidavits, the facts are insufficient to determine the type of warranties made and when the Statute of Limitations began to run (see *Shoucair v Read*, 79 AD2d 1081; *Savage v Savage*, 63 AD2d 808, 809, app dsmd 46 NY2d 771). To survive the defense of limitation of time, plaintiffs must prove that the warranties explicitly referred to future performance (see *Mittasch v Seal Lock Burial Vault*, 42 AD2d 573). An express warranty for future performance can stem from the literature disseminated by the manufacturer to the medical profession (*Friedman v Medtronic, Inc.*, 42 AD2d 185) or even from media advertising (*Randy Knitwear v American Cyanamid Co.*, 11 NY2d 5; *Funk v Kaiser-Fraser Sales Corp.*, 23 AD2d 771). The breach could not necessarily be ascertained upon tender and delivery of the device (*Unitron Graphics v Mergenthaler Linotype Co.*, 75 AD2d 783). Since the motion was made before the answer was served,

and because the record is insufficient to permit a determination as to whether the warranties alleged explicitly referred to future performance, the motion was granted prematurely. If such information exists, it may well be peculiarly within the control of defendant Robins and plaintiffs should be afforded the opportunity to elicit such facts through disclosure (see *Peterson v Spartan Ind.,* 33 NY2d 463, 466). Order reversed, on the law, without costs, and motion denied. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.