■ COSMOS MASON SUPPLIES, INC., Appellant, v LIDO BEACH ASSOCIATES, INC., et al., Respondents, et al., Defendant. — In an action to foreclose a mechanic's lien, plaintiff appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated August 31, 1982, which granted defendants, Lido Beach Associates, Inc., and First American Title Cos., motion to dismiss plaintiff's complaint. Order reversed, without costs or disbursements, and motion denied, without prejudice to renewal following a reasonable time for discovery. Respondents shall serve their answer within 20 days after service upon them of a copy of the order to be made hereon, with notice of entry. When facts are necessary for a party to properly oppose a motion to dismiss, and those facts are within the sole knowledge or possession of the movant, discovery is sanctioned if it has been demonstrated that such facts may exist (CPLR 3211, subd [d]; *Amigo Foods Corp. v Marine Midland Bank-N. Y.,* 39 NY2d 391, 395; *Peterson v Spartan Inds.,* 33 NY2d 463, 466; *Wiltshire v Robins Co.,* 88 AD2d 1097, 1098; *West Mountain Corp. v Seasons of Leisure Int.,* 82 AD2d 931, 932; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3211:49, p 53). In this action to foreclose a mechanic's lien, the respondents moved to dismiss the complaint prior to service of an answer. Plaintiff contended in its opposing affidavit that it could not adequately rebut this motion without discovery of an alleged escrow agreement between the respondents in order to determine whether a fund exists to which plaintiff may be entitled. Therefore, Special Term should have given plaintiff the benefit of the doubt by denying the motion to dismiss and affording plaintiff the opportunity to obtain the alleged escrow agreement through disclosure. Titone, J. P., Lazer, Thompson and Weinstein, JJ., concur.