■ Don L. Sparks et al., Respondents, v Clifford Stich et al., Appellants.—Weiss, J. Appeal from a judgment of the Supreme Court (Smyk, J.), entered September 4, 1986 in Tioga County, upon a decision of the court, without a jury, in favor of plaintiffs.

The instant controversy emanates from defendants' purchase of a house and farm, together with certain equipment and 17 brood cows, from plaintiffs in March 1982. At the closing, defendants executed a promissory note in the principal amount of $11,075, to be paid in two equal installments, the last due in April 1984. When defendants failed to make the second payment, plaintiffs commenced this action to recover the balance due. Defendants answered and counterclaimed seeking actual and punitive damages in excess of $57,000, under theories of fraudulent misrepresentation, breach of warranties and breach of contract. After a nonjury trial, Supreme Court ruled in plaintiffs' favor, finding that no warranties were made, express or implied, and no showing of fraud. Defendants have appealed.

Defendants initially maintain that plaintiffs breached the implied warranty of merchantability set forth in UCC 2-314 (1) with respect to the cattle and/or farm equipment, and that an appropriate setoff should be made against the amount due under the note. This warranty pertains only where the seller is a "merchant" as defined in UCC 2-104 (1). Contrary to defendants' thesis, plaintiffs participated in this sale as individuals, not merchants. We recognize that plaintiffs raised beef cattle, but only for sale on an annual basis. Considered in context, the instant sale was more a part of the farm closing than an ongoing business transaction. There was no evidence

that plaintiffs were otherwise engaged in the sale of farm equipment. Moreover, defendants were not uninformed consumers but had previously operated a cattle farm. Accordingly, the implied warranties set forth in UCC 2-314 do not apply.

However, plaintiffs, even as nonmerchants, were required to uphold any express warranties made during the sale *(see,* UCC 2-313 [1]). In this respect, defendants maintain that plaintiffs expressly confirmed that all 17 brood cows were young when, in fact, one was 13 years old, two were 10 years old, and one was eight years old. It appears that eight years of age is the time of peak reproduction capability. Plaintiffs, however, disavowed making any such representations and Supreme Court credited their testimony. We perceive no reason to disturb this assessment *(see, D. C. Leathers v Gelmart Indus.,* 125 AD2d 738, 739). Since plaintiffs promised to deliver 17 brood cows, all of which were in fact capable of breeding, they did not violate any express warranties concerning these animals.

Defendants' further contention that plaintiffs breached the implied warranty for fitness set forth in UCC 2-315 is also unavailing. Even were we to assume that defendants purchased the cows in reliance on plaintiffs' judgment, a highly debatable point, all of these cows were fit for breeding purposes. That defendants may have preferred younger stock does not alter this fact.

With respect to the farm equipment, the record shows that plaintiffs' real estate broker, Thomas Mullen, advised defendants that the equipment was in "good working" order. Supreme Court did not construe this statement as an express warranty and we agree that, under the circumstances, this general expression did not warrant against all imperfections in the equipment *(see,* UCC 2-313 [2]; 51 NY Jur, Sales, § 164, at 175-177 [1966]; *compare, McGregor v Dimou,* 101 Misc 2d 756; *Eddington v Dick,* 87 Misc 2d 793). This is particularly so in view of the low cost of each item and the clear understanding that the equipment was used. Moreover, Mullen testified that defendants did in fact inspect certain equipment, albeit only briefly, and thus may be deemed to have waived any objections *(see,* UCC 2-316 [3] [b]). The fact that defendants did not raise any objections until the instant action was commenced supports this conclusion.

Defendants similarly maintain that plaintiffs fraudulently misrepresented the condition of the cows, equipment and the structural integrity of the house. As our previous discussion

indicates, Supreme Court rejected the contention that plaintiffs made any express representations as to the condition of the cows or equipment and thus properly excluded fraud on this basis. Defendants further contend that plaintiffs misrepresented the character of the heating, plumbing and septic system in the house. Plaintiff Don Sparks essentially refuted these assertions, and plaintiff Edna Sparks did not recall a telephone conversation with defendants, during which the misrepresentations were ostensibly made. In essence, a question of fact was raised as to whether plaintiffs intentionally deceived defendants into purchasing their property. Again, we discern no reason to depart from Supreme Court's determination ruling out fraud.

We do find, however, that plaintiffs breached the contract of sale by removing a television antenna from the roof. The antenna was attached by a bracket nailed to a face board, and may properly be deemed a fixture (59 NY Jur 2d, Fixtures, § 2, at 608). Thus, defendants are entitled to reimbursement for the cost of replacement.

A further dispute concerns Mr. Sparks' oral agreement to move defendants' furnishings from Montana to New York for a sum of $1,500, $500 of which was actually paid by Mullen.* As Mullen's testimony confirms, it was understood that defendants had to vacate their Montana home by April 5, 1982 and that Mr. Sparks would pick up the furniture by that time. Mr. Sparks, however, experienced travel problems and advised defendants by telephone on April 4, 1982 that he would be delayed. Where a definite time of performance is specified in a contract, time is of the essence unless the circumstances affirmatively indicate a contrary intent (22 NY Jur 2d, Contracts, §§ 247, 248, at 97, 99). Under the circumstances presented, where the road delays were clearly foreseeable, Mr. Sparks' April 4, 1982 telephone notice constituted an anticipatory breach of contract, authorizing defendants to make alternate moving arrangements (see, 22 NY Jur 2d, Contracts, §§ 390, 392, at 300-301, 302). Defendants are entitled to reimbursement for the added expenses incurred.

Finally, defendants maintain that Supreme Court erred in refusing their request to conform the pleadings to the proof relative to the property's septic system. While generally a matter of discretion, a motion to conform should be liberally granted absent undue prejudice or surprise (CPLR 3025 [c];

---

* Supreme Court offset this $500 from the amount due on the promissory note.

*Murray v City of New York,* 43 NY2d 400, 404-405; *Lewis & Clarkson v October Mountain Broadcasting Co.,* 131 AD2d 15). The record shows that plaintiffs were on notice of defendants' contentions with respect to the septic system. The problem presented is that while Supreme Court heard the evidence on this issue by disallowing the requested amendment, the court did not resolve whether any fraudulent misrepresentations were made. As such, a further trial on this question is required *(see, Caramante v Barton,* 114 AD2d 680, 683).

Judgment modified, on the facts, without costs, by reversing so much thereof as denied defendants' compensation claims for the removal of the television antenna and moving expenses; matter remitted to Supreme Court for a further trial on defendants' claim regarding the septic system; and, as so modified, affirmed. Mahoney, P. J., Main, Casey, Weiss and Levine, JJ., concur.