■ RUTH WEISS, Respondent, v STEVEN HERMAN et al., Defendants, and COOPER COMPANIES, INC., et al., Appellants. [597 NYS2d 52] —Order, Supreme Court, New York County (Beatrice Shainswit, J.) entered January 10, 1992, which denied the motion of defendant The Cooper Companies, Inc. to dismiss so much of the complaint as sought to recover damages for breach of warranty concerning three of four breast implants, unanimously affirmed, without costs.

While an action for breach of implied or express warranty must be commenced within four years after the cause of action has accrued (UCC 2-725), which would ordinarily be the date the party charged tenders delivery of the product *(Heller v U.S. Suzuki Motor Corp.,* 64 NY2d 407, 411), an exception is made where the warranty explicitly extends to future performance of the goods, in which event the cause of action accrues when the breach is or should have been discovered *(see, Mittasch v Seal Lock Burial Vault,* 42 AD2d 573). Such an express warranty for future performance "can stem from the literature disseminated by the manufacturer to the medical profession" *(Wiltshire v Robins Co.,* 88 AD2d 1097). The court properly found that the question of whether defendant had expressly warranted future performance was a question of fact for the jury, and that plaintiff had sufficiently pleaded a claim

for breach of express warranty since "[m]odern pleading rules are 'designed to focus attention on whether the pleader has a cause of action rather than on whether he has properly stated one' " *(Rovello v Orofino Realty Co.,* 40 NY2d 633, 636). Concur—Milonas, J. P., Rosenberger, Ellerin and Kupferman, JJ.