HELEN C. MOORE, Respondent, *v.* HENRY A. GADSDEN, Appellant.

Defendant was the owner of a lot situate upon a city street; the sidewalk was so constructed as to receive the drip from the steps of the dwelling on the lot and from the grounds ; and the sidewalk was so graded as to discharge itself into the gutter; snow fell upon the premises, which melted and flowed upon the sidewalk and there formed ice; plaintiff, in passing over the sidewalk, fell upon the ice and was injured. In an action to recover damages for the injury, no proof was given of any law or ordinance of the city relating to sidewalks or the care thereof by lot owners, nor did it appear that defendant had interfered with the sidewalk, or that the steps of his house were not constructed in a proper manner. *Held*, that defendant was not liable, and a refusal to dismiss the complaint was error ; that defendant was not required to erect a barrier in front of his yard or steps to prevent the melted snow from running upon the sidewalk.

*Walsh* v. *Mead* (8 Hun, 387), *Todd* v. *City of Troy* (61 N. Y. 506), distinguished.

(Argued October 24, 1881; decided November 22, 1881.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made December 7, 1880, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for injuries received by plaintiff in consequence of falling upon the sidewalk in front of a lot owned by defendant in the city of Brooklyn.

The material facts are stated in the opinion.

*Edwin M. Felt* for appellant. Although the snow and ice on which plaintiff fell came in part from water which flowed from the melting snow or ice, or from rain running from the front steps and yard of defendant's premises, and thereby contributed to the injury, defendant was not liable. (*Kirby* v. *Boylston Market Co.*, 14 Gray, 249; *Fuchs* v. *Schmidt*, 8 Daly, 317; *Lazarus* v. *City of Toronto*, 19 U. C. 9; *Juliet Taylor* v. *L. S. & M. S. R. R.*, 7 N. W. 728; *City of Hartford* v. *Talcott & Post*, 48 Conn. 525.) A person who knows and sees a defect in the highway, and voluntarily undertakes to test it when it could be avoided, if injured, cannot recover. (*Pakalinsky* v. *N. Y. C. R. R.*, 82 N. Y. 424; *Salter* v. *Utica & B. R. R. R. Co.*, 75 id. 273; Wharton on Negligence [2d ed.], § 400; *Durkin* v. *City of Troy*, 61 Barb. 437; *Wilson* v. *City of Charleston*, 8 Allen, 137; *Schaffer* v. *City of Sandusky*, 33 Ohio, 246; *Butterfield* v. *Forrester*, 11 East, 61.) The *onus* was upon the plaintiff to show her freedom from contributory negligence, and when the circumstances point just as much to the negligence of the plaintiff as to its absence, he must be nonsuited. (*Reynolds* v. *N. Y. C. R. R.*, 58 N. Y. 249; *Hale* v. *Smith*, 78 id. 480.)

*Benj. H. Bayliss* for respondent. By maintaining premises graded as were the yard and steps of the premises in question, defendant maintained what, under the circumstances, became a nuisance necessarily imperiling the safety of persons passing lawfully upon the sidewalk. (*Walsh* v. *Meade*, 8 Hun, 387; *Todd* v. *City of Troy*, 61 N. Y. 506.) The question of contributory negligence on the part of the plaintiff was properly left to the jury. (*Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 464.) Where the inferences to be drawn from the evidence are doubtful, the question of contributory negligence must be submitted to the jury. (3 Brightly's Dig. 510, "Negligence," § 136; *Belton* v. *Baxter*, 58 N. Y. 411, 415; *Webb* v. *N. Y. C. & H. R. R. R. Co.*, id. 451, 455.) As plaintiff was traversing the sidewalk and attempting to cross it, when she fell and as she testified that she used the utmost care in the

attempt, it was for the jury, and not the court, to decide whether it was negligence on her part to make the attempt thus cautiously. (*Darling* v. *The Mayor,* 18 Hun, 340 ; *Evans* v. *City of Utica,* 69 N. Y. 166 ; *Todd* v. *City of Troy,* 61 id. 507 ; *Mowrey* v. *Central City Ry. Co.,* 66 Barb. 43, 49 ; affirmed, 51 N. Y. 666 ; *Niven* v. *City of Rochester,* 76 id. 619 ; *Waldele* v. *N. Y. C. & H. R. R. R. Co.,* 19 Hun, 69, 73 ; *Woodin* v. *Austin,* 51 Barb. 9 ; *Thurber* v. *Harlem B. M. & F. R. R. Co.,* 66 N. Y. 326.)

DANFORTH, J. The defendant was the owner of certain premises situated on Hamilton street and Gates avenue, in the city of Brooklyn. The complaint alleged that he negligently and in violation of ordinances and statutes allowed snow and ice to accumulate on the sidewalk in front of those premises ; that plaintiff while passing over it on the 25th of January, 1879, slipped, fell and was thereby injured. These things were denied by the answer. The fall of the plaintiff and her injury was clearly established, and evidence given to show that the condition of the sidewalk was as described in the complaint. No proof was given of any law or ordinance relating to sidewalks or the care thereof. At the close of the plaintiff's case, the defendant moved to dismiss the complaint upon the ground that there was no evidence tending to show negligence on his part, and specifically that it did not appear that the ice upon which the plaintiff slipped and fell came upon the sidewalk from the defendant's premises and his want of care. The court denied the motion, and in submitting the case to the jury said : " To entitle the plaintiff to recover, she must satisfy you that her injury was caused by some negligence of the defendant, and without negligence on her part contributing to the accident ; " and limited this general rule by declaring that he would not be liable " for damages caused by falling upon the sidewalk by reason of snow or ice which has formed from the fall of snow or water " thereon ; adding, one " injured by that cause must look to the city or to the officers of the city," and if nothing else had appeared, he should dismiss the complaint.

But he submitted the case to the jury as one in which they might find that the ice in question "was the result of water which flowed from the melting snow or from rain running from the premises of the defendant upon the sidewalk in front of his house." Exceptions to the refusal of the court to dismiss the complaint and to this portion of the charge present the only material questions upon this appeal. The evidence discloses no interference by the defendant with the sidewalk, nor does it appear that the natural surface of his yard had been changed, or that the steps of his house had been constructed in any other than a proper and usual manner. There is no suggestion that the snow had been removed from either and placed upon the sidewalk; but the respondent's position is, "that there was no barrier in front of the yard or steps to prevent the melted snow from running upon the sidewalk, and both the steps and yard sloped toward the sidewalk, and the sidewalk sloped toward the gutter." Snow fell upon the 15th of January; if it melted, it was from natural causes, and obeying the law of gravitation found its way upon the sidewalk. If there was no liability — and such is conceded by both parties to be the law of this case — for ice formed of snow which had fallen directly upon the walk and there melted, it is difficult to see upon what principle it can attach in the case supposed. The general doctrine is, that the public are entitled to the street or highway in the condition in which they placed it, and whoever renders the use hazardous, by placing any thing upon it, is guilty of a nuisance. (*Congreve* v. *Smith*, 18 N. Y. 79.) The plaintiff's case is not within it. The sidewalk was constructed to receive the drip from the steps and yard, and so graded as to discharge itself into the gutter. If by reason of obstruction, which it was the duty of the city or its officers to remove, it failed to do its office, the defendant cannot be made liable.

The cases cited by the respondent do not seem to the purpose. In *Walsh* v. *Mead* (8 Hun, 387), a passer-by was injured by snow falling from a steep roof, and recovered upon the ground that it was left without a snow-guard, and so improperly

constructed. Such a roof was held to be a nuisance. In *Todd* v. *The City of Troy* (61 N. Y. 506), the ice causing the injury· was formed from water gathered from the roof and poured through a conductor pipe upon the sidewalk. The city was held liable, and there was no suggestion that·the fact referred to afforded ground for its relief. Applying it to the case before us, the municipal authorities of Brooklyn would be liable under the circumstances here disclosed, as well as under those adverted to in the charge of the trial court. (*Kirby* v. *Boylston Market Association*, 14 Gray, 249.) But in the present case we find no evidence which seems to distinguish it from one where rain falling at once on the walk there congeals, or snow hardens. In either instance, its presence is the result of natural causes, unaffected by artificial arrangement.

We think, therefore, the learned court erred in submitting the case to the jury as one in which, under the law of the case as declared upon the trial, the plaintiff was entitled to recover.

The judgment should, therefore, be reversed, and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed. .