HELEN C. MOORE. Respondent, *v.* HENRY A., GADSDEN, Appellant.

Defendant was the owner of a corner lot at the intersection of G. and W. avenues in the city of B.; the sidewalk on G. avenue received the drip from the steps of the dwelling on the lot and from the grounds in front, and was so graded as to discharge itself into the gutter. A conductor-pipe, which carried the water from the roof of the dwelling, discharged itself on the sidewalk on W. avenue; the water flowed thence toward G. avenue and sometimes over its sidewalk. Plaintiff, while passing over the sidewalk on G. avenue, which was at the time covered with ice and snow, fell and was injured. In an action to recover damages it appeared that there had been a heavy snow-storm some days before; the dwelling was unoccupied, the snow was not cleaned from the sidewalk, and that upon the steps and lot had melted and flowed upon the sidewalk and there frozen. A city ordinance required the removal of snow and ice from the sidewalk in front of any lot within four hours of its fall. It did not appear that the grade of the lot or the arrangement of the conductor-pipe was made by defendant, or after he became the owner of the lot, or that it was not done in a usual and proper manner, or that there was any material change in the original grade of the lot. *Held*, that plaintiff should have been nonsuited; that if there was a nuisance it was apparently caused by the omission of the city to have the accumulated ice and snow removed from the sidewalk, and for that defendant was not responsible to plaintiff, nor did the non-compliance with the ordinance make him so responsible.

A city police regulation is not of itself sufficient to give a cause of action to a party injured by an act or omission in violation of its terms.

(Submitted May 9, 1883; decided June 5, 1883.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made September 26, 1882, which affirmed a judgment in favor of plaintiff, entered on a verdict.

This action was brought to recover damages for injuries received by plaintiff, occasioned by a fall upon the sidewalk in front of premises, in the city of Brooklyn, owned by plaintiff.

The case is reported on a former appeal in 87 N. Y. 84.

The premises are situated at the north-west corner of Waverly and Gates avenues in the city of Brooklyn. In January, 1879, plaintiff, in passing along the sidewalk on Gates avenue in front of the premises, fell and received serious injuries. It appeared that there had been a heavy fall of snow some ten days prior to the accident; the dwelling upon the premises was unoccupied and the snow was not removed from the sidewalk or from the steps or ground in front of the house. The house was about six feet back from, and the steps extended to, the sidewalk; the steps and yard sloped toward the sidewalk, which sloped toward the gutter. The snow had melted and the sidewalk at the time of the accident was covered with ice. A conductor-pipe from the roof of the house carried the water therefrom to the fence on Waverly avenue and discharged it upon the sidewalk, which was a gravel walk; the ground from that point sloped toward Gates avenue and the evidence showed that the water sometimes ran across the sidewalk of that avenue. Plaintiff testified that it was near where the two sidewalks intersected that she fell, but could not tell whether it was just at the corner. Plaintiff put in evidence the following city ordinances:

"§ 65. That no person being owner, lessee or a tenant of any house or building shall allow any water or other liquid to run from or out of his building or ground, upon or across any sidewalk or curbstone, and if such substance is allowed by this board to pass upon any street, it must reach the same by passage to be kept at all times adequate and in repair by such person, under such flagstone or through such curbstone, and no

such water or other liquid, or ice therefrom shall be allowed to gather or remain on the upper surface of such curb, flagstone or passage, nor shall such person allow any accumulation of such water or liquid, or the ice therefrom, upon any street or place, but shall at all times cause the same to be removed, or to pass along the gutter or some proper passage to one of the rivers or into a sewer.

"§ 66. That every owner, lessee, tenant and occupant of any building or lot in the built-up portions of the city of Brooklyn shall within two hours after the fall of any snow exceeding an inch in depth, and within two hours after the forming of any ice on the sidewalk or in the gutter in front or against the side of any such building, or lot, remove or cause the same to be removed from such sidewalk and gutter; or in case of great difficulty in removing such ice, that every such person do sprinkle or cause to be sprinkled thereon sand or ashes, so that traveling thereon shall not be perilous; but that where said snow falls or ice formed between the hours of eight o'clock of the evening and daylight in the morning, this ordinance will be complied with by removing or sprinkling the same with the sand or ashes within two hours after the sunrise succeeding the fall of such snow or the formation of such ice." .

The further material facts appear in the opinion.

*Edwin M. Felt* for appellant. The owner of premises fronting upon a street has no more ownership or control over the same than any other citizen ; hence, as between him and them, there is no privity, either express or implied, and it is upon this theory that the courts uniformly hold that in cases like this the owner is not liable for injuries received, as the plaintiff's were. (*Kirby* v. *B. M. Assn.*, 14 Gray, 249 ; *City of Hartford* v. *Talcott*, 48 Conn. 000; 14 Rep. 429 ; *Taylor* v. *L. S. & S. M. R. R.*, 11 id. 163 ; *Urquhart* v. *City of Ogdensburg*, N. Y. Ct. of App., January 18, 1883.) A person who knows and sees a defect in the highway, and voluntarily undertakes to test it when it could be avoided, if injured, cannot recover. (*Pakalinsky* v. *N. Y. C. R. R.*, 82

N. Y. 424; *Salter* v. *U. & B. R. R.*, 75 id. 273; Wharton on Neg. [2d ed.], § 400; *Durkin* v. *City of Troy*, 61 Barb. 437; *Wilson* v. *City of Charlestown*, 8 Allen, 137; *Schaffer* v. *City of Sandusky*, 33 Ohio, 246; *Butterfield* v. *Forrester*, 11 East, 61; *City of Erie* v. *Magill*, 15 Rep. 405.) The onus was upon the plaintiff to show the freedom from contributory negligence, and when the circumstances point just as much to the negligence of the plaintiff as to its absence, he must be nonsuited. (*Reynolds* v. *N. Y. C. R. R.*, 58 N. Y. 249; *Hale* v. *Smith*, 78 id. 480.)

*Benj. H. Bayliss* for respondent. Evidence as to the condition of the premises within a few hours after the occurrence was proper. (*Case* v. *N. Y. C. R. R. Co.*, 78 N. Y. 518, 523; *Corbin* v. *Vil. of Canajoharie*, 16 W'kly Dig. 188.) By maintaining the leader and allowing it to conduct water on to his sidewalk, and keeping his premises graded, as were the yard and steps of the premises in question, defendant maintained what, under the circumstances, became a nuisance necessarily imperiling the safety of persons passing lawfully upon the sidewalk. (*Walsh* v. *Meade*, 8 Hun, 387; *Todd* v. *City of Troy*, 61 N. Y. 506.) The ordinance was properly admitted. (*McGrath* v. *N. Y. C. & H. R. R. R. Co.*, 63 N. Y. 530; *Beysigel* v. *N. Y. C. R. R. Co.*, 14 Abb. Pr. [N. S.] 29; *Massoth* v. *D. & H. C. Co.*, 64 N. Y. 524; *Wasmer* v. *D. L. & W. R. R. Co.*, 80 id. 212; *Knupfle* v. *Knickerbocker Ice Co.*, 84 id. 488.) Defendant cannot claim that he is not liable, because he merely entered upon and enjoyed the premises as he found them, and did not individually put in the pipe or make the change in the natural surface of the ground. (3 Camp. 398; *Wasmer* v. *D. L. & W. R. R. Co.*, 80 N. Y. 212; *Moshier* v. *U. & S. R. R. Co.*, 8 Barb. 427; *Brown* v. *C. & S. R. R. Co.*, 12 N. Y. 486.) The question of contributory negligence, on the part of the plaintiff, was properly left to the jury. (*Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 9 N. Y. Dig. 441; 3 Brightly's Dig. 5108; "Negligence," § 136; *Belton* v. *Baxter*, 58 N. Y. 411, 415; *Webb* v. *N. Y. C. &*

*H. R. R. R. Co.*, id. 451, 455 ; *Darling* v. *The Mayor*, 18 Hun, 340 ; *Evans* v. *City of Utica*, 69 N. Y. 166 ; *Todd* v. *City of Troy*, 61 id. 507 ; *Mowrey* v. *Central City Ry. Co.*, 66 Barb. 43, 49 ; 51 N. Y. 66 ; *Niven* v. *City of Rochester*, 76 id. 619 ; *Waldele* v. *N. Y. C. & H. R. R. R. Co.*, 19 Hun, 69, 73 ; *Payne* v. *Troy & B. R. R. Co.*, 83 N. Y. 572 ; *Woodin* v. *Austin*, 51 Barb. 9 ; *Thurber* v. *H. B. M. & F. R. R. Co.*, 66 N. Y. 326 ; *Congdon* v. *City of Norwich*, 37 Conn. 414, 420 ; *Monohan* v. *City of Cohoes*, 14 N. Y. Wk'ly Dig. 112.) It is error to reject any evidence which tends directly to support the issue. And, if error for the court to reject it, so also for the jury. They may give it such weight as they think it deserves. (64 N. Y. 521 ; 9 Hun, 129 ; 72 N. Y. 418 ; *Stewart* v. *Town of Lansing*, Morrison's Trans. 1882, p. 85.)

DANFORTH, J. No exception was taken to the charge of the trial judge, nor is any error alleged in the admission or exclusion of evidence. The only question presented is that raised by defendant's motion to dismiss the complaint. It should we think have been granted. Whether the plaintiff was herself in fault was a question for the jury ; but we find no evidence upon which it can be said that the defendant, by any unlawful act or negligence, caused that condition of things which, either by or without fault on her part, led to her injury. Neither the grade of the lot, nor the arrangement of the roof, seems to have been made by him, and for aught that appears the conductor-pipe was arranged and constructed by some former owner of the premises in a usual and proper manner. Nor was there any material change in the grade of the lot. Kirby, whose testimony is alone relied upon, fails to show it. The city, he says, cut down the street "two feet or two feet and one-half at that location, from the natural surface of the farm land as it lay in lots," and in building and sodding the yard, the natural surface was changed ; but the house is one of a block at the corner of two avenues, with a yard, as it is called, about "six feet wide from the front of the house to the front

fence; " a portion is covered by the stoop, and it cannot be gathered from the evidence that the grading was either done improperly or in such a manner as to materially affect the gathering or flow of water, or create a nuisance. He says, " when the house was constructed, the lot outside the street was also cut down two or two and a half feet" — it slopes toward the sidewalk. So do the steps and stoop ; and between these and the sidewalk there is no yard. It is true that naturally the grade was to the south, while now it is to the east. But it evidently was so changed as to conform to the improved street and sidewalk. The defendant, however, made no changes in any respect. The condition of the premises was the same before as after he purchased, and had been so since the house was built. If there was a nuisance, it was apparently caused by the omission of the city to have the accumulated ice and snow removed, and for that the defendant was not responsible. ( *Wenzlick* v. *McCotter*, 87 N. Y. 122 ; 41 Am. Rep. 358 ; *City of Hartford* v. *Talcott*, 48 Conn. 525 ; 40 Am. Rep. 189.) The ordinance of the city is a police regulation, but is not of itself sufficient to give a cause of action to a party injured by an act in violation of its terms. (*Knupfle* v. *Knickerbocker Ice Co.*, 84 N. Y. 488.)

We think the court erred in submitting the case to the jury as one in which the evidence would in any aspect warrant a verdict for the plaintiff.

The judgment appealed from should, therefore, be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.