BESSIE BASSON, Plaintiff, *v.* JEREMIAH HEALD, Defendant.

County Court, Rockland County, October 9, 1934.

*Finkelstein & Finkelstein* [*Robert C. Finkelstein* of counsel], for the plaintiff.

*Mortimer B. Patterson,* for the defendant.

SHERWOOD, J. This action is brought by the plaintiff for damages alleged to have been suffered by her in a fall on the sidewalk in front of the defendant's premises in the village of Spring Valley.

It is alleged in substance that the condition of the sidewalk which caused the accident was brought about by the careless and negligent manner in which the defendant cleaned the sidewalk of snow and ice.

The ordinances of the village of Spring Valley provide as follows:

§ 26. " Snow, dirt, etc., on sidewalks. All persons shall before eleven o'clock every morning, remove the snow, ice and dirt from the sidewalk in front of the premises owned or occupied by them, under a penalty of Ten Dollars ($10.00) for each and every neglect, and any owner, occupant or person having charge of any premises in this Village as agent or otherwise, shall pay a penalty of Five Dollars ($5.00) for every twenty-four hours, he, she, or they shall neglect to remove the snow, ice and dirt from the sidewalks in front of such premises. Such obstruction shall likewise be removed from the gutters under a like penalty, after notice so to do from the President, a Trustee or the Chief of Police or Policeman. In case the owner of any unoccupied lot or premises in front of which a sidewalk is laid cannot be found in the Village of Spring Valley, and such sidewalk shall remain obstructed by snow, ice or dirt, after the hour above specified, a notice shall be posted on the premises by the Chief of Police and by him signed, giving the number or other designation and location of the lot or premises, and the name of the owner or owners when known, and requiring such owner or owners, to remove such obstruction within twenty-four hours from the time of such posting, which shall be a full legal notice to all parties interested therein. If such obstruction from snow, ice or dirt shall not be removed from such sidewalk as required by such notice, within the time therein stated, the Street Commissioner of said Village shall file due proof of posting of said notice in the office of the Clerk of the Village, and the said Street Commissioner shall then proceed to remove such obstruction; and the expenses of such removal shall be audited and fixed by the Board of Trustees, and the same shall be and remain a lien and charge upon such lot or premises. The expenses of such removal, with interest on the same, shall be placed in the next ensuing tax roll against the lot charged with the same, or the same may be collected by suit against the several owners in the name of the Village."

The obligation to keep streets and sidewalks in a safe condition rests primarily upon the municipality in which they are located. No duty rests upon the property owner at common law to keep them in a safe condition, but such obligation as exists is statutory. (*Moore* v. *Gadsden*, 87 N. Y. 84; *City of Rochester* v. *Campbell*, 123 id. 405.)

The mere failure to remove ice and snow from the sidewalk does not create a liability on the part of the lot owner in behalf of one who suffers injury caused by the dangerous condition of the sidewalk, even though there is a statutory obligation to remove such snow and ice. (*Moore* v. *Gadsden*, *supra; Brotzman* v. *Lindenfeld*, 133 Misc. 832; *Lee* v. *Ortiz*, 249 N. Y. 613.)

The cases cited by the plaintiff in which a party has been held liable for carelessly and negligently performing an assumed duty are all cases where the party sought to be held has assumed an obligation to perform with respect to some particular person or where, in reasonable sequence, some particular person would be entitled to rely upon such assumed obligation to perform.

I doubt very much whether the courts will countenance the extension of this doctrine to a point where any one of the general public may invoke the doctrine. (*Moch* v. *Rensselaer Water Co.*, 247 N. Y. 160.)

There is much to be said in favor of the proposition advanced by counsel for the defendant, that if the defendant has incurred any liability it is to the village, if, as alleged, he performed in a careless and negligent manner the duty which the village imposed upon him by the above-quoted ordinance to remove the snow and ice from the sidewalk in front of the premises owned by him.

It was held by a divided court, four to three, in *Tremblay* v. *Harmony Mills* (171 N. Y. 598), that where an owner negligently maintained a leader upon the building upon his premises so that it discharged water upon the sidewalk which froze and rendered the sidewalk dangerous, such owner was liable to a person who was injured thereby.

The case is a border line case as is evidenced by the divided court and the facts as set forth in the prevailing and dissenting opinions. I do not think the facts alleged in the complaint in this case bring it within the decision in *Tremblay* v. *Harmony Mills* (*supra*).

The application for a summary judgment dismissing the complaint is granted.

Submit order on notice.