FLORENCE NELSON and WILLIAM NELSON, Plaintiffs, v. KATHERINE SCHULTZ and THE CITY OF NEW YORK, Defendants.

Supreme Court, Trial Term, Queens County, April 3, 1939.

*Avrum J. Schrager* [*Fritzi Clark* of counsel], for the plaintiffs.

*Frederick Mellor* [*John S. Bennett* of counsel], for the defendant Katherine Schultz.

HALLINAN, J. Action by a wife and her husband to recover damages for personal injuries and loss of services and expenses respectively. The action was severed as against the city of New York, and was tried without a jury against the defendant Schultz, who is the owner of the premises in front of which the accident occurred.

The proof is that the plaintiff Florence Nelson was injured on the morning of February 13, 1936, while walking on the sidewalk near the front property line of the Schultz property, between the entrance to the house and the driveway. There is sufficient evidence in the case to find that during the evening of February 12, 1936, the defendant's son, Richard Schultz, was engaged in removing ice, snow and sleet which had accumulated on the sidewalk in front of the premises; that he had not only failed to complete the removal thereof, but in chopping away the accumulation of ice he had left certain hilly and slippery portions, upon which the plaintiff Florence Nelson subsequently slipped and fell, without any negligence on her part contributing thereto.

It is settled law that " violation of an ordinance requiring the cleaning of sidewalks by abutting owners does not create a liability on the owner from injuries to a wayfarer. They are construed as

creating a duty enforcible only by the municipality. (Restatement of the Law of Torts, §288; *City of Rochester* v. *Campbell*, 123 N. Y. 405.) " (*Troeger* v. *Prudential Ins. Co.*, 154 Misc. 537.) Where, however, the dangerous condition which caused the accident has been *created* by the owner, he has been held liable therefor. (*Mullins* v. *Siegel-Cooper Co.*, 183 N. Y. 129.)

Had the defendant in the instant case done nothing except to permit the snow and ice, as it fell, to remain undisturbed, there would undoubtedly be no cause of action against her for the injuries to an innocent passerby. (*Eldred* v. *Keenan*, 164 App. Div. 63.) Having, however, undertaken to remove such snow and ice, the defendant was bound to do so in a reasonable and prudent manner and to avoid setting any traps and pitfalls. She failed in this duty by not removing all of the snow and ice once she had undertaken to do so and by leaving the remaining snow and ice in an irregular, hilly and slippery condition. The responsibility for the creation of this condition which caused the accident is her's, and she should be held liable.

Even in cases where recovery has been denied because the abutting owner merely permitted the snow and ice to remain, expressions are found to the effect that had the owner by any act of commission or omission *created* the dangerous condition, liability would have followed.

Thus, in *Krebs* v. *Heitmann* (104 App. Div. 173) the Appellate Division, this department, said: " There is no allegation that the defendant Heitmann [the abutting owner] was charged with any duty in respect to the highways of the city of New York by statute or otherwise, and *no affirmative act on his part* which might constitute a nuisance is alleged." (Italics mine.)

In *Kosters* v. *National Bank of Auburn* (62 Misc. 419) the court said: " If the defendant, which was the owner but not the occupant of the property in question, *had committed any affirmative act to cause* an obstruction on the sidewalk, or a defect in it, the situation would have been different; but here there is no claim that the defendant did anything excepting to ' permit ' snow and ice to remain on this sidewalk." (Italics mine.)

In *Rohling* v. *Eich* (23 App. Div. 179) the Appellate Division, Second Department, said: " The gravamen of the complaint in the case at bar, however, is an averment in substance that the dangerous condition of the street which caused the injury to the plaintiff was occasioned by the defendant's wrongful act in sweeping out snow from his own lot onto the sidewalk, where it accumulated and formed an obstruction which imperiled the safety of persons lawfully using the street for purposes of public travel.

"*There is no doubt that an individual is liable for thus interfering with the safety of persons using the highway if injury results to them from the condition thus created.*" (Italics mine.)

There is in my opinion no distinction in principle between the case last cited and the one at bar. In the former the dangerous condition which caused the injury was created by the abutting owner sweeping snow from his own lot onto the sidewalk, where it was claimed it formed an obstruction. In the instant case the dangerous condition was caused by the defendant undertaking to chop away and remove the accumulation of snow and ice and doing it improperly. In both instances the conduct of the abutting owner, in relation to the condition which caused the accident, was not merely passive, but active.

Accordingly, I grant judgment in favor of the plaintiff Florence Nelson in the sum of $1,500 and in favor of the plaintiff William Nelson in the sum of $250. Thirty days' stay and sixty days to make a case.