ANTHONY KLIMASZEWSKI, Respondent, *v.* CHARLES J. HERRICK, Doing Business under the Firm Name and Style of GEORGE S. HERRICK GRATE Co., Appellant.

Fourth Department, January 7, 1942.

---

* Added by Laws of 1928, chap. 242.— [REP.

Costello, Cooney & Fearon [Gordon H. Mahley of counsel], for the appellant.

Saul H. Alderman [David B. Sugarman of counsel; Arthur W. Burrows with him on the brief], for the respondent.

PER CURIAM. At the defendant's request, the court charged the jury " that the plaintiff on May 16, 1940, took the defendant's shop as he found it and that he assumed the ordinary risks of its every day and usual operation." The plaintiff excepted. This instruction became the law of the case for the purpose of that trial only. Since the judgment was in the plaintiff's favor, his exceptions are not up for review. (Fowler v. Anderson, 132 App. Div. 603.) A careful review of the record discloses no evidence that, at the time of the accident, the defendant was operating his plant in any way contrary to " its every day and usual operation." Under the charge the plaintiff failed to establish a cause of action. The plaintiff recovered on the theory that the defendant was negligent in failing to warn the plaintiff of the danger of chips flying off the lathe when it was in operation and in failing to place guards on the lathe to prevent chips from flying or to erect barricades to keep business visitors at a safe distance from the lathe and the flying chips. The defendant admitted that no warning signs had been posted in his plant and showed that it was not customary to guard lathes in use in other plants doing the same character of work and that no one had been injured in his plant by flying chips during the forty years in which the plant had been in opera-

tion. The plaintiff failed to establish that either the posting of warning signs or the placing of guards on the lathe or the erection of barricades to protect business visitors from flying chips was either feasible or customary. The burden in this respect was on the plaintiff. (*Greenberg* v. *Schlanger*, 229 N. Y. 120, 122; *Garthe* v. *Ruppert*, 264 id. 290.) The court erred in excluding evidence tendered by the defendant in an attempt to show that the plaintiff was a licensee. The proffered testimony was competent also to rebut the testimony of the plaintiff that all of his previous visits to the defendant's plant were business calls. The court also erred in instructing the jury, at the plaintiff's request, that " whether the plaintiff was a business visitor or a licensee, he is properly on the premises and is entitled to the protection from the negligent operation of a machine which the jury may find was apparently dangerous." The duty owing to an invitee is reasonable care, while the duty owing to a mere licensee is not to unreasonably or unnecessarily expose him to danger. (*Garthe* v. *Ruppert, supra,* p. 295.) Evidence is lacking that the defendant unreasonably or unnecessarily exposed the plaintiff to danger. If the plaintiff was a bare licensee, and not an invitee, he took all the risk of injury arising from the ordinary and usual operations of the defendant's plant upon himself. (*Cusick* v. *Adams,* 115 N.Y. 55, 59.) In view of the errors committed on the trial and of the prejudicial character of the charge, which became the law of the case, we conclude that a new trial should be granted in the interest of justice.

All concur, CUNNINGHAM and HARRIS, JJ., in result only, in the following memorandum: We concur in result. However, our view of the case is that the jury could have found that when the lathe was working, the work room was a dangerous place especially for business visitors, and that there was some duty resting upon the defendant and his employees to prevent customers from entering the work room while the lathe was in operation. A customer finding the place open would naturally look around until he found someone in charge to wait upon him. As Harian was the only employee in the place of business of defendant at the time, the jury could have found that the plaintiff was not negligent for approaching Harian and standing near him. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and HARRIS, JJ.

Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.