MORRIS GOLUB, Plaintiff, *v.* CITY OF NEW YORK et al., Defendants.

Supreme Court, Trial Term, Bronx County, March 12, 1952.

*Samuel P. Fensterstock* for plaintiff.

*Galli & Locker* for Jane Sciacca, defendant.

*Denis M. Hurley, Corporation Counsel (D. B. Brooks* of counsel), for City of New York, defendant.

Breitel, J.   After verdict in favor of plaintiff in the sum of $6,000, defendant Sciacca moved to set aside the verdict as contrary to law, and for direction of a verdict in her favor, on which motions decision was reserved.

Plaintiff sued the City of New York and the abutting owner for personal injuries sustained following a fall on an ice patch on a public sidewalk in front of a private home.   During the trial the city settled with plaintiff for the sum of $1,000, and withdrew from the case.   The verdict was rendered against the remaining defendant, the abutting owner.

Plaintiff testified that he had regularly used the sidewalk in going to and from his residence to his place of business.   On January 26, 1948, he slipped and fell on a bumpy, ridged, irregular patch of ice on the sidewalk in front of defendant's home. He said further that he had seen that patch, encrusted with dirt, for the week previous to the accident.   On the day of the accident the light cast on the street from street lamps was '' shadowy '', and he slipped on the patch, not seeing it immediately before the fall.

Defendant, put on the stand by plaintiff, testified that her four grown children, or some of them, cleaned the snow and ice after each snowfall in the month of January, 1948, from the sidewalks about her house.   They used two snow shovels, two coal shovels, and two ice choppers.   Although she did not remember the particular occasions during that month of very severe weather, she recalled generally that she would observe from the windows that the sidewalks had been cleaned.

There was no proof directly associating the ice patch on which plaintiff fell, or its particular condition, with the snow and ice removal operations of defendant's children.   Plaintiff's contention is that inferentially the ice patch was the result of improper snow and ice removal by defendant's agents, and therefore, she is liable for the injuries sustained by plaintiff.

The basic legal proposition applicable is that the abutting owner of premises is not liable, as against the injured pedestrian, for a failure to remove snow and ice from a public sidewalk unless the abutting owner undertakes to do so and does so

in an improper manner, and thus creates a hazardous condition which proximately causes the accident and the injuries sustained by plaintiff. (5 Warren on Negligence, § 354, and especially, cases cited in Note 80, p. 301.)

The precise issue raised in this case is whether an abutting owner is liable for an ice condition remaining or arising after a snow and ice removal operation, without a showing that that ice condition, assuming it to be hazardous, was caused directly or indirectly by defendant through some affirmative act or omission.

None of the authorities examined by the court goes that far. In each case where plaintiff has been permitted to recover against an abutting owner, the ice condition following snow and ice removal was either directly or indirectly the result of an act or omission by the abutting owner. On the other hand, mere incompleteness of snow or ice removal, or unexplained presence of ice or snow after snow or ice removal, have resulted in the discharge of the defendant as a matter of law.

Thus, in the case of *Nelson* v. *Schultz* (170 Misc. 681), most often cited as authority for the proposition that improper snow and ice removal imposes liability upon the abutting owner, the defendant created the " hilly and slippery portions " upon which plaintiff fell by " chopping away the accumulation of ice ". While some of the language in Mr. Justice HALLINAN's opinion would seem to impose liability for merely incomplete snow and ice removal, it is clear from a reading of the entire opinion, that the abutting owner, in order to be held liable, must have created, not merely exposed or failed to remove an independently created, dangerous condition. (See, however, *Donovan* v. *Kane,* 190 Misc. 473, which places a different interpretation on the *Nelson* case, *supra,* and deems it therefore, overruled by the authorities discussed hereinafter.)

Such a reading of *Nelson* v. *Schultz* (*supra*) reconciles it with the unquestioned authority of *Connolly* v. *Bursch* (149 App. Div. 772). In that case, defendant was held not liable for sweeping snow from pavement leaving exposed (but unaltered) slippery ice accumulation upon which plaintiff fell. This evidently is the basis for the distinction in *Kelly* v. *Rose* (291 N. Y. 611), a memorandum decision, which affirmed a judgment for defendant in the Appellate Division on the authority of *Connolly* v. *Bursch* (*supra*). In the *Kelly* case (*supra*) snow had been removed by the abutting owners leaving " exposed patches of slippery, bumpy ice, on one of which patches plaintiff fell." (Cf. *Hendley* v. *Daw Drug Co.,* 293 N. Y. 790, also a memorandum decision, in

which the Appellate Division's finding in favor of defendant on the authority of the *Connolly* and *Kelly* cases, *supra,* was affirmed.)   In this case, snow had been swept, a ridge of hard snow had been left and on this ridge salt had been placed to melt it down.   The consequent rapid melting of the hard ridge of snow is claimed to have caused plaintiff's accident.

In the instant case there is even a graver hiatus in plaintiff's proof.   As indicated, there was no evidence that the ice patch was residual to an incomplete cleaning operation or that it was placed there, directly or indirectly, by defendant, let alone that it had been altered by defendant to create a dangerous condition. The situation was analogous to that in the case of *Zysk* v. *City of New York* (300 N. Y. 507, a memorandum decision affg. 274 App. Div. 915, which revd. 76 N. Y. S. 2d 371).   In the *Zysk* case (*supra*), plaintiff fell on a piece of ice, present some time after a snow removal by the abutting owner.   The Appellate Division stated that there had been no evidence that defendant abutting owner was " an active tort-feasor in causing the piece of ice on which plaintiff testified that he slipped to be present on the sidewalk " and cited the *Kelly* and *Hendley* cases (*supra*) as authority.   The situation here is entirely unlike that in *Green* v. *Murray M. Rosenberg, Inc.* (295 N. Y. 584).   In the *Green* case (*supra*), defendant in clearing the sidewalk created affirmatively the snow and ice pile on which plaintiff fell.   (For other cases appropriate to the discussion, and consistent with the foregoing analysis, see 5 Warren on Negligence, p. 303 *et seq.,* and especially the pocket supplement.)

Consequently we have no way of predicating liability upon the abutting owner in the instant case merely because sometime after snow removal there was a patch of bumpy, dirty ice on the sidewalk.   (See *Kolasky* v. *City of New York,* 288 N. Y. 523.)

Accordingly, the motion to set aside the verdict in favor of plaintiff is granted and the motion for a direction of a verdict in favor of defendant is granted.   Plaintiff shall have sixty days to make a case.