## JACKSON et al. v. UNITED STATES.
### No. 10687.

United States Court of Appeals
Third Circuit.

Argued May 6, 1952.

Decided May 20, 1952.

Morton Hollander, Washington, D. C. (Holmes Baldridge, Asst. Atty. Gen., Grover C. Richman, Jr., U. S. Atty., Newark, N. J., Stanley E. Rutkowski, Asst. U. S. Atty., Trenton, N. J., Paul A. Sweeney, Massillon M. Heuser, Attorneys, Department of Justice, Washington, D. C., on the brief), for appellants.

William T. Wichmann, Red Bank, N. J. (Wise & Wise, Red Bank, N. J., on the brief), for respondent.

Before MARIS, GOODRICH and HASTIE, Circuit Judges.

PER CURIAM.

This is a case under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq. The plaintiff suffered injury while descending the steps of a post office in Red Bank, New Jersey, at night. The district judge to whom responsibility for the trial of the facts is given under the statute found for the plaintiff. He found that the defendant was negligent in its duty toward the plaintiff and that plaintiff was not contributorily negligent. There was no com-

plaint about the amount of the recovery, if recovery is to be allowed.

██ The finding of negligence in the maintenance of the Post Office property and the finding of freedom from contributory negligence of the plaintiff were findings made by the court as trier of the facts. They are not to be set aside unless clearly erroneous, regardless of what we, if charged with the responsibility of the finding in the first place, would have found. There was sufficient here to support the conclusions reached by the trial judge.

The most important question in the case is that raised by the United States on the construction of the statute. It says that there was no liability under the Tort Claims Act for failure to keep premises in reasonably safe condition. The government argues that the United States as land occupier is not liable although the United States as the owner of a truck being driven by a driver would be liable if he negligently hurt someone.

This subject has been very recently considered by the First Circuit in United States v. Hull, 1952, 195 F.2d 64. The opinion of the court goes into the whole question in considerable detail. We are in complete agreement with what is said by Judge Magruder on the problem. It would be an affectation of learning on our part to reword what has been so carefully worked out in the opinion just cited.

██ We have only to add one point. We think it obvious that the government can only act, or for that matter omit to act, through the agency of some human being. The statute in so many words says, in imposing liability, "personal injury * * * caused by the negligent or wrongful act or omission of any employee of the government * * *." The maintenance of Post Office property in an unreasonably dangerous condition is just as much the negligent omission of an employee of the government as is the failure to heed a stop sign by the driver of a mail truck.

The judgment of the district court will be affirmed.