FRANK DI PIETRO, Appellant, v. TODD SHIPYARDS CORPORATION, Respondent.— In an action to recover damages for personal injuries allegedly sustained through the negligence of the respondent, the appeal is from a judgment dismissing the complaint at the end of the plaintiff's case. Judgment unanimously affirmed, without costs. No opinion. Present — Johnston, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ.

◼

DANIEL FALINA, Respondent, v. HOLLIS DINER, INC., Appellant.— Action to recover damages for personal injuries suffered when respondent left appellant's diner, slipped on ice, and fell. The accident happened on December 29, 1950, sometime after 9:00 A.M. For four days prior to the accident, and up to 4:00 A.M. of the 29th, temperatures were below thirty-two degrees. About nine hours before the accident it commenced to snow, sleet and rain. That continued until about 8:00 A.M., when it turned to rain. The rain continued for several hours after the accident. Before and after the accident, rain froze as it reached the ground. The steps of the diner, the surrounding ground, and the surrounding vicinity generally, were glossed with ice and were slippery. Judgment entered on the verdict of a jury in favor of plaintiff reversed on the law, with costs, and the complaint dismissed, with costs. Findings implied by the verdict are affirmed other than a finding that defendant breached a duty of reasonable care for plaintiff's safety. Appellant was not under a duty to correct the ice surfaces until a reasonable time after the cessation of the storm. (*Valentine* v. *State of New York*, 197 Misc. 972, and cases cited therein, affd. 277 App. Div. 1069, motions for leave to appeal denied 277 App. Div. 1080, 302 N. Y. 952.) Nolan, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur. [See *post*, p. 766.]