**Loretta DIX, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 7058.

United States District Court
N. D. New York.

Dec. 9, 1959.

Louis H. Mariani, Syracuse, N. Y., for plaintiff, Howard G. Munson, Syracuse, N. Y., of counsel.

Theodore F. Bowes, U. S. Atty., Syracuse, N. Y., for defendant, Francis J. Robinson, Asst. U. S. Atty., Syracuse, N. Y., of counsel.

BRENNAN, Chief Judge.

This is an action brought under the provisions of the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671–2680, to recover money damages because of personal injuries sustained by the plaintiff. The action is based, was tried and will be decided upon the theory of negligence.

The injuries and resulting damage were occasioned by an accident which occurred on the evening of February 13, 1958 when the plaintiff fell while in the act of depositing a letter in a mail box situated upon the area in front of the Post Office in the Village of North Syracuse, N. Y. There is no factual dispute as to the circumstances and happening of the accident itself. It became apparent however in the course of the trial that the question of liability would be seriously disputed and it was agreed that this court should first consider that question thereby saving the time and expense of providing and hearing the medical testimony. Since it has been determined that plaintiff has not established liability upon the part of the defendant, it would seem proper to make and enter a formal decision at this time.

The undisputed evidence shows that South Main Street, which was known as Route 11 in the Village of North Syracuse, N. Y., runs substantially in a northerly and southerly direction. Said street is an improved, much travelled, highway, with a definite curb line at least on the westerly side of the travelled area. There is no sidewalk, as that term is commonly understood, running parallel to the curb line on the westerly side of the street.

The United States of America occupies, under a lease for Post Office purposes, a part of the one story building known as the American Legion Home, which is located on the west side of South Main Street. This building has two entrances facing the street, the most southerly being the entrance to that part of the building occupied for Post Office purposes and the most northerly being the entrance to that part of the building retained for use by the Legion Post. There is a sidewalk or path of apparently concrete construction leading from the west curb of South Main Street about midway between the two entrances. It extends for a few feet at right angles to South Main Street and then branches off to lead to both entrances, the situation being somewhat similar to the letter "Y".

Approximately in front of the entrance to the Post Office and between the building and the curb line are two mail boxes,

intended for the receipt of mail, to be posted through the facilities of the office which remains open only until 6:00 P.M. These boxes are of the conventional type, standing about 4 feet high. Access thereto, for the deposit of mail, is accomplished by the hand opening of a drawer which permits the deposit of mail matter in the box itself. The boxes are located in the above area at a point about 5 feet 10 inches west of the curb line.

The lease, under which the defendant occupies the premises, provides that in addition to the floor space of the building, the defendant has the use "of area in front approximately 20 feet x 30 feet". All parties appear to assume that the Post Office boxes are located within that area.

The accident, hereinafter described, occurred on February 13, 1958, during a period of exceptional snowfall. At least forty-three inches of snow fell during the period between February 1st and February 13th. It had snowed intermittently during the day of February 13th and the weather conditions were such that plaintiff made telephone inquiry as to whether or not a regularly scheduled bowling contest, in which she was to participate, was to be held. Upon leaving her place of employment, the plaintiff had occasion to notice that the ground conditions in the general vicinity of the accident were slippery and were covered with snow and ice.

Plaintiff was conveyed in a friend's automobile to a point slightly south of the mail boxes, referred to above. Plaintiff then alighted from the car with the intention of depositing a letter in one of the Post Office boxes. She observed a mound of snow along and over the curb line which was apparently the result of the plowing of the street. She also observed that there was a pathway through the mound leading generally over the entrance from the curb towards the boxes and Post Office door. She observed that such path seemed to have been made by pedestrians walking over same. She passed over the pathway and came to a

point in front of the boxes and while standing still, she leaned forward to deposit a letter therein, when her foot slipped and she fell to the ground, sustaining personal injuries.

The manner and cause of the accident are crucial points in this litigation. The plaintiff, in her own testimony, states in substance on at least two or three occasions that she does not know what caused her to fall except that the area was covered with snow and ice. No particular defect or condition is pointed out except that the ground area was rough, apparently from the passage of pedestrians.

There is no evidence as to any affirmative act upon the part of the defendant which caused this accident. Postal employees, at times of deep snow, shovelled a path for their own convenience to the mail box but there is no evidence of any defect or unusual situation created by the acts of postal employees. The condition seemed to be a general one in the area and no authority is cited which imposes an obligation upon the defendant under the circumstances disclosed here.

It would seem unnecessary to discuss defendant's contention that any obligation, as to care of the area, rested upon the landlord or to discuss the plaintiff's contention that she was an invitee and that the obligation of the defendant was like that owed to a business visitor. The sidewalk cases are not in point; neither are the decisions which relate to injuries which occur within a structure occupied by a business enterprise. The obligation involved at best would be similar to that of an owner of parking facilities afforded by a business enterprise. No authority is cited which would require the removal of snow and ice therefrom. No liability to an invitee is imposed upon the owner where the conditions are no more hazardous than those generally prevailing in the area. Schwabl v. St. Augustine's Church, 288 N.Y. 554, 42 N.E.2d 16. At least a reasonable time must be afforded to correct an icy condition after the cessation of a storm. Falina v. Hollis Diner, Inc.,

281 App.Div. 711, 118 N.Y.S.2d 137. Here it had been snowing up to about one-half hour before the accident and after the Post Office had closed for the day. The use of sand or salt might have avoided the accident but again there is no authority which holds that the failure to use same is a basis of liability. The failure to eliminate snow and ice as a hazard to pedestrians in this climate has not been held, in itself, to create liability. This court is unwilling to create such a precedent. An affirmative act, creating the condition, or a defect in the surface of the area to be travelled, seems to be the ordinary requirement.

The above will constitute findings of fact and conclusions of law in accordance with Rule 52, F.R.Civ.P. 28 U.S. C.A. and the ultimate finding is made that the plaintiff has failed to establish negligence on the part of the defendant and the conclusion follows that the complaint must be dismissed.

So ordered. Judgment directed accordingly.