■ SALVATORE AMODEO, Appellant, v. NEW YORK CITY TRANSIT AUTHOR-ITY, Respondent.— In an action to recover damages for personal injuries resulting from plaintiff's fall, during a snowfall, on an icy step of a stairway leading from an elevated railroad platform to the street, the plaintiff appeals

from a judgment of the Supreme Court, Queens County, entered February 8, 1960 after a jury trial, dismissing the complaint upon defendant's motion, made at the end of the case, after it had rested without offering any testimony. Judgment reversed on the law and the facts and a new trial granted, with costs to plaintiff to abide the event. We find that a prima facie case was established. The stairway in question was covered on the top but was open at the sides. The proof showed that the snowfall began about 10:00 P.M. the night before the accident; that it continued the following morning when plaintiff went to work; that it snowed all that day; and that it was snowing about 6:00 P.M. that night, when plaintiff slipped and fell as he was descending the same stairway. By that time the steps were covered with ice about three or four inches thick, "as snow would be packed in from people walking down." There was no evidence that any measures had been taken during the day to alleviate the condition. The total accumulation of snow had been about 6.8 inches. In our opinion, defendant had a duty to take such measures as a jury might find reasonable, under the prevailing weather conditions, to reduce the danger (*Boettcher* v. *Dowling,* 243 App. Div. 397, affd. 270 N. Y. 557; *Beltz* v. *Buffalo, Rochester & Pittsburgh Ry. Co.,* 222 N. Y. 433; *Cummins* v. *City of New York,* 281 App. Div. 684; *McGuire* v. *Interborough R. T. Co.,* 104 App. Div. 105). The instant case is to be distinguished from those where nothing could reasonably be done to alleviate the condition due to the unusual severity of the snowstorm (e.g., *Henkin* v. *City of New York,* 286 App. Div. 1027, affd. 1 N Y 2d 784); or because sleet and snow turned to ice as soon as it reached the ground (e.g., *Falina* v. *Hollis Diner,* 281 App. Div. 711, affd. 306 N. Y. 586; *Bressler* v. *Rule Realty Co.,* 248 N. Y. 619; *Kelly* v. *Manhattan Ry. Co.,* 112 N. Y. 443). Furthermore, in our opinion a jury might find that the condition of the stairway had existed long enough, under the circumstances of this case, to charge the defendant with notice of the danger. Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.