Loretta DIX, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 290, Docket 26661.

United States Court of Appeals Second Circuit.

Argued March 23, 1961.

Decided Nov. 21, 1961.

Howard G. Munson, Syracuse, N. Y. (Hiscock, Cowie, Bruce, Lee & Mawhinney, Syracuse, N. Y., on the brief), for plaintiff-appellant.

Edward J. McLaughlin, Asst. U. S. Atty., Syracuse, N. Y. (Justin J. Mahoney, U. S. Atty., for the Northern Dist. of New York, Syracuse, N. Y., on the brief), for defendant-appellee.

Before MOORE and SMITH, Circuit Judges, and BRUCHHAUSEN, District Judge.*

BRUCHHAUSEN, District Judge.

Plaintiff, Loretta Dix, appeals from a judgment for defendant in an action for personal injuries brought under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). The complaint alleged that the United States was negligent in removing the snow from in front of outside mailboxes located on the grounds of its post office in the Village of North Syracuse, New York, leaving patches and lumps of ice, and that it was also negligent in placing the boxes without any regular sidewalk leading thereto and without adequate illumination for night use. The action was tried without a jury and the court below dismissed the complaint on the ground that plaintiff failed to establish negligence.

The facts are not in dispute. Plaintiff slipped and fell while depositing a letter in an outdoor mailbox about 7:00 P. M. on February 13, 1958. The box was one of two standing side by side on a lawn some ten feet in front of a building, a portion of which was occupied by the North Syracuse post office. The boxes faced the curb and were set back about five and one-half feet from the street curb. They were of the conventional metal type standing about four feet high on four supporting legs, with a hand operated flap. They were owned by the Post Office Department, which had leased for a post office a portion of the building and the area in front of it where the boxes were placed. There was no sidewalk parallel to the front of the building or leading to the boxes. A small paved path extended from the curb towards the building and then branched into two paths leading, respectively, to the entrances of the post office and the Legion Hall in the shape of a Y. The mailboxes were some five feet south of this path.

The events leading up to the accident were described by plaintiff. She was riding with two other ladies who were driving south on Route 11 in North Syracuse en route to a bowling alley. Desirous of posting a letter, plaintiff asked the driver to stop in front of the post office, which she did somewhat beyond the building. Plaintiff alighted and walked back in the roadway towards the mailboxes. Previously, when she had walked from her place of work to enter the automobile, she had found ground conditions, because of snow and ice, to be slippery. She observed that there were banks of snow along the curb and that there was a rough path, not shoveled but as if made by people trampling through the snow, leading from the curb to the mailboxes. She noticed the condition of the path and that there were bumps of snow and ice. She then walked to the mailbox and stopped. As she reached forward to put the letter in the box, she slipped and fell, breaking her leg. Plaintiff was unable to state the condition of the spot where she was standing or what caused her fall, except that she slipped.

Plaintiff had been posting letters in these mailboxes for approximately ten years and in the winter time never remembered seeing the area shoveled. Unusually heavy falls of snow (some 43 inches) had occurred between February

* Sitting by designation, Chief Judge of the District Court for the Eastern District of New York.

1st and 13th, and it had snowed intermittently on the 13th up to about one-half hour before the accident.

The trial court found that there was "no evidence as to any affirmative act upon the part of the defendant which caused this accident"; that there was "no evidence of any defect or unusual situation created by the acts of postal employees"; that the condition (snow and ice) was a general one in the area; and that plaintiff could ascribe no other reason for her fall "except that the area was covered with snow and ice." Based upon these facts and decisions of New York Courts,[1] the trial court concluded that "the plaintiff has failed to establish negligence on the part of the defendant and the conclusion follows that the complaint must be dismissed."

Under Section 2674 of the Federal Tort Claims Act, the United States is liable under the Act "in the same manner and to the same extent as a private individual under like circumstances." Section 1346(b), giving the district courts exclusive jurisdiction, provides that in determining whether a private person would be liable, the relevant law is that of the place where the act or omission occurred, namely, New York. Here, however, the function of handling mail and the placing of mailboxes is uniquely governmental so that the analogy to the private individual is not necessarily trustworthy as a basis for the imposition of liability.

This court has previously concluded in Davis v. United States, 208 F.2d 863, 864 (2d Cir.1953) (L. Hand, J.), that :

"The general rule is well settled in New York, that an abutting owner owes no duty to a passerby to remove snow, or to prevent the accumulation of water, or the formation of ice on the sidewalk in front of his building, provided he does not intervene with what falls or accumulates.[2] [Footnote 2: Moore v. Gadsden, 87 N.Y. 84; Id., 93 N.Y. 12;. Hendley v. Daw Drug Co., 293 N.Y. 790, 59 N.E.2d 31; Zysk v. City of New York, 274 App.Div. 915, 83 N.Y.S.2d 339, affirmed 300 N.Y. 507, 89 N.E.2d 244.] To this doctrine there is, however, an exception that he becomes liable * * * if in removing snow or ice he creates a pathway dangerous to wayfarers.[4] [Footnote 4: Green v. Murray M. Rosenberg, Inc., 295 N.Y. 584, 64 N.E.2d 286; Nelson v. Schultz, 170 Misc. 681, 11 N.Y.S.2d 184.]"

See, also, Golub v. City of New York, 201 Misc. 866, 112 N.Y.S.2d 161 (Sup. Ct.1952), aff'd, 282 App.Div. 666, 122 N.Y.S.2d 793 (1953). Plaintiff, however, produced no proof which brings her case within any exception to the general rule of no duty to passersby. Her testimony was that the path she followed was not made by shoveling but by others trampling through the snow.

■ Plaintiff narrows the field of appellate argument in saying, "While it might be unreasonable to hold the United States to the standard of care alleged herein at mail boxes in locations having no connection with the Post Office building itself, plaintiff contends that the location of these boxes in close proximity, upon property leased and controlled by the Post Office, with signs advising the users thereof of the dates and times of collection and the purpose of such location, creates such special circumstances that the standard of care and legal duties owed are those which any enterprise owes to any invitee, indoors or outdoors." Plaintiff would, therefore, apply the law as expounded in those cases which deal with accidents within business buildings or on walks leading thereto. From this premise she argues that defendant failed to provide a safe means of access to the mailboxes and that this constituted negligence.

The analogy is not apt. Plaintiff's argument would create a duty upon the

1. Schwabl v. St. Augustine's Church, 288 N.Y. 554, 42 N.E.2d 16 (1942); Falina v. Hollis Diner, Inc., 281 App.Div. 711, 118 N.Y.S.2d 137 (1952).

Government to provide an area free from snow and ice so that any pedestrian could approach the boxes from any point of the compass. As mentioned there were no sidewalks and such path as was somewhat paved led to the Post Office building itself and The American Legion Hall. The path made by pedestrians was apparently created fortuitously by a follow-the-leader practice by persons seeking to reach the building or the boxes from the roadway. Plaintiff's theory of access would call for an ever-widening circle of clearance to any point—even to the part of the roadway where plaintiff alighted from the automobile. But plaintiff did not fall on any path. She had reached the box safely and was standing there when she slipped and fell. The trial court, under all the circumstances, concluded that plaintiff had failed to establish negligence. This was her burden—and by a preponderance.

The cases relied upon by plaintiff all involve definite entrances and exits from specific places over which persons who might be legally labelled "invitees" (although labels are fraught with legal dangers) had to walk to transact business with the "invitor." Such was the situation in Amodeo v. New York City Transit Authority, 10 App.Div.2d 982, 203 N.Y.S.2d 204 (Second Dept. 1960), aff'd, 9 N.Y.2d 760, 215 N.Y.S.2d 699, 174 N.E.2d 743 (1961) (the plaintiff was injured by falling on an icy step of a stairway leading from an elevated railroad platform); and Bianchi v. Loblaw Groceterias, Inc., 304 N.Y. 886, 110 N.E. 2d 500 (1953) (fall caused by slippery lettuce leaves allowed to accumulate in passageway of the defendant's warehouse). Another New York ice and snow case, not cited, also involved a defined entrance area. Bordonaro v. Bank of Blasdell, 285 N.Y. 606, 33 N.E.2d 541 (1941) (plaintiff alleged that she slipped and fell on the steps of the Bank because of trampled down snow).

The cases relating to post offices cited by plaintiff deal with injuries sustained inside the post office building, United States v. Hull, 195 F.2d 64 (1st Cir., 1952) (window fell on the plaintiff's hand), on post office steps, Jackson v. United States, 196 F.2d 725 (3rd Cir., 1952), in a revolving door leading into a post office, Rutherford v. United States, 93 F.Supp. 772 (D.Wyo.1950), from a defective sidewalk in front of the post office building, Blaine v. United States, 102 F.Supp. 161 (E.D.Tenn., 1951), or on steps leading up to a post office building, American Exchange Bank of Madison v. United States, 257 F.2d 938 (7th Cir., 1958). Probably the rationale behind the snow and ice cases is, or should be, that there is not much that mere mortals can do about weather. However, merchants (including the postal service) inviting the public to enter their places of business should so maintain their premises that a person can do so with a reasonable degree of safety. As a corollary, the hypothetical reasonably prudent man accustoms himself to think of steps, entrances and floors as safe to walk upon, free from holes, crevices, obstructions and slippery conditions. To this standard of expectancy, prudent maintenance must be geared. Such conditions, however, are not to be expected in outdoor areas without regular sidewalks and in a climate subject to heavy snows.

Mailboxes are placed in many outdoors locations in cities, towns and villages for the convenience of pedestrians desirous of mailing letters. Being located out-of-doors, they and the surrounding area are subject to the elements. Each mailbox is not a branch post office. Plaintiff virtually concedes that there would be no duty upon the Government to keep each box accessible at all times to the public.

 The legal principles applicable to places of business which, by being open to the public, inferentially at least invite customers to come in and trade

are not apposite. There is no sound legal reason why the fact that this particular box was placed on a lawn in front of the Post Office building should put it in a different category from other similarly located and exposed mailboxes. A pedestrian proceeding along a sidewalk, across a lawn or across the snow with intent to mail a letter at a mailbox is none the less a pedestrian. Since New York law imposes no liability "for a failure to remove snow and ice from a public sidewalk" *a fortiori* there should be no affirmative duty to remove snow and ice from the lawn in front of the post office or from the street to the box. Plaintiff here at best was in the category of the pedestrian. The judgment is affirmed.

SMITH, Circuit Judge (dissenting).

I respectfully dissent. This injury occurred not on the public way, where New York would not hold an abutting owner or lessee responsible for ice and snow, but in an area leased by the United States and operated by it as a place for the public to approach its mail depositories. Since it leased the area for use, intended the use by those in plaintiff's position, and continued to utilize the boxes despite the snow conditions, regularly removing the mail therefrom, I would hold it responsible for reasonable care to keep the area reasonably safe for its business visitors, in line with those New York cases which impose upon the occupier of land a duty to use reasonable care to maintain the premises in a reasonably safe condition with respect to invitees. E. g. Amodeo v. New York City Transit Authority, 10 App.Div.2d 982, 203 N.Y.S.2d 204 (Second Dept. 1960), aff'd 9 N.Y.2d 760, 215 N.Y.S.2d 699, 174 N.E.2d 743 (1961); Bordonaro v. Bank of Blasdell, 285 N.Y. 606, 3 N.E.2d 541 (1941); Klimaszewski v. Herrick, 263 App.Div. 235, 32 N.Y.S.2d 441 (4th Dept. 1942). I would reverse and remand for new trial.