## (June 20, 1968)

■ ROSE S. BONFRISCO, Respondent-Appellant, and PASQUALE BONFRISCO, Respondent, v. MARLIB CORP., Appellant-Respondent, et al., Defendants.— Judgment unanimously reversed, on the law, with $50 costs and disbursements to the defendant-appellant, and the complaint dismissed. While an alteration of the condition of the sidewalk may have taken place following the snow removal, there was no evidence that the defendant-appellant's cleaning operation either caused or created the two-foot square patch of thin ice upon which the plaintiff slipped. The claim of increased hazard, moreover, is not supported by the evidence that as an additional precaution the entire sidewalk had been salted down. It may well be that the patch of thin ice was caused by the freezing of the wet surface of the walk at 5 o'clock of a January evening, or it may well have resulted from persons tracking slush into the area from the 11½ inches of snow which stopped falling at 4:00 A.M. on the day of the accident. As the record stands, however, liability may not be fastened upon the defendant-appellant by the mere showing that an isolated thin patch of ice was present some hours after snow removal. (*Cruz* v. *City of New York*, 23 A D 2d 491, affd. 17 N Y 2d 717; *Golub* v. *City of New York*, 201 Misc. 866 [Breitel, J.],

affd. 282 App. Div. 666.)   Concur — Stevens, J. P., Steuer, Tilzer, McGivern and Rabin, JJ.