■ BETTY SBANO, Respondent, v. JOSEPH A. SBANO, Appellant.— Order entered July 2, 1969, unanimously modified on the law and the facts by reducing temporary support and maintenance for plaintiff and child, issue of the marriage, to the sum of $125 per week commencing May 9, 1969, and striking provision granting plaintiff leave to apply to the trial court for additional counsel fees and otherwise affirmed without costs and without disbursements. The record does not justify a temporary award in excess of $125 per week. Having "regard to the circumstances * * * of the respective parties" (Domestic Relations Law, § 237) in this simple separation action, we deem the sum of $1,000 awarded as adequate for counsel fees. Concur — Eager, J. P., Capozzoli, Nunez and Steuer, JJ.

■ BETTY SBANO, Respondent, v. JOSEPH A. SBANO, Appellant.— Order entered October 16, 1969, which denied defendant's motion for reargument and granted plaintiff's cross motion to enter judgment for arrears of temporary alimony unanimously modified to the extent of reversing, on the law and on the facts, that part which grants the plaintiff's cross motion and denying that cross motion without prejudice to a renewal thereof in the event defendant defaults in making payments in accordance with the determination of this court in the companion appeal (33 A D 2d 1007); and as so modified, the order is affirmed, without costs and without disbursements. Under the circumstances, defendant is entitled to an opportunity to pay the arrears in temporary alimony, as reduced by this court, before a money judgment is entered against him. Concur — Eager, J. P., Capozzoli, Nunez and Steuer, JJ.

■ THOMAS CURTIS, Respondent, v. OMAHA ESTATES, INC., Appellant, et al., Defendant.— Judgment entered June 6, 1969, herein appealed from, unanimously reversed on the law, with $50 costs and disbursements to appellant, the motion to set aside the verdict is granted, the motion for a direction of a verdict in favor of defendant Omaha is granted, the complaint dismissed and the action severed as to defendant Omaha. In this snow and ice sidewalk case, plaintiff seeks monetary damages for personal injuries received as a result of a fall on a patch of ice which he observed prior to stepping thereon. Plaintiff has failed to prove defendant guilty of any negligence proximately causing the injuries of which he complains (*Bonfrisco* v. *Marlib Corp.,* 30 A D 2d 655, affd. 24 N Y 2d 817; *Golub* v. *City of New York,* 201 Misc. 866, affd. 282 App. Div. 666). Concur — Stevens, P. J., Eager, McGivern and Steuer, JJ.