**DAVIS v. UNITED STATES.**

**No. 71, Docket 22814.**

United States Court of Appeals Second Circuit.

Argued Dec. 10, 1953.

Decided Dec. 31, 1953.

---

---

Arnold B. Elkind, New York City, for appellant.

Milton R. Wessel, J. Edward Lumbard, U. S. Atty. for Southern Dist. of N. Y., New York City, for appellee.

Before CHASE, Chief Judge, and L. HAND and MEDINA, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal from a judgment dismissing, after a trial to Judge Clancy, a complaint brought under the Tort Claims Act,[1] to recover for personal injuries suffered by the plaintiff from a fall on the sidewalk at the back of the United States Post Office at Yonkers, New York. The only question involved is whether on the following facts the law of New York would have held an abutting owner liable. At the back of the Post Office is a loading platform up to which trucks are backed to load and unload, and from which the pavement slopes gently towards the street, crossing the prolongation of what would be the sidewalk, if indeed the sidewalk is not prolonged over the space. The curb has been taken away so that the trucks may pass without obstruction. On February 28, 1949, there had been an eight inch snowfall, after which one of the postal trucks had been backed up to the platform and left there. On the morning of March first, post-office employees undertook to clear away the snow from the building line to the roadway, and did so, except that they left a patch that lay underneath the standing truck. We will assume that this could have been cleared away, when the rest of the surface was cleared; and indeed some effort was apparently made to do so. On the afternoon of the first day part of the patch melted, and the water trickled down the incline toward the roadway. Some of it gathered in a shallow puddle where the sidewalk would have been, or was; and over this a thin sheet of ice formed. The superintending engineer of the building, anticipating that this might be dangerous, ordered the sheet sanded that evening; and that had been done four times before the morning of the 2nd, when the plaintiff, in stepping upon it, slipped and fell; and we shall assume that the sanding had been insufficient.

The general rule is well settled in New York, that an abutting owner owes no duty to a passerby to remove snow, or to prevent the accumulation of water, or the formation of ice on the sidewalk in front of his building, provided he does not intervene with what falls or accumulates.[2] To this doctrine there is, however, an exception that he becomes liable, if he changes the flow of water from the premises, as for example by gathering it into a gutter or pipe, and discharging it on the sidewalk;[3] or if in removing snow or ice he creates a pathway dangerous to wayfarers.[4] In application, the line between these two situations is not always entirely plain. For example, the owner was held in Nelson v. Schultz, supra, 170 Misc. 681, 11 N.Y.S.2d 184, because in

---

1. § 2674, Title 28, U.S.C.

2. Moore v. Gadsden, 87 N.Y. 84; Id., 93 N.Y. 12; Hendley v. Daw Drug Co., 293 N.Y. 790, 59 N.E.2d 31; Zysk v. City of New York, 274 App.Div. 915, 83 N.Y. S.2d 339, affirmed 300 N.Y. 507, 89 N. E.2d 244.

3. Tremblay v. Harmony Mills, 171 N.Y. 598, 64 N.E. 501.

4. Green v. Murray M. Rosenberg, Inc., 295 N.Y. 584, 64 N.E.2d 286; Nelson v. Schultz, 170 Misc. 681, 11 N.Y.S.2d 184.

removing the snow he had chopped the surface of the underlying ice, so as to make it more dangerous than it would have been, if the snow had merely been removed; and in Green v. Murray M. Rosenberg, Inc., supra, 295 N.Y. 584, 64 N.E.2d 286, he was held, because in clearing a pathway he had piled up the snow in ridges on the sidewalk. On the other hand, in Kelly v. Rose, 291 N.Y. 611, 50 N.E.2d 1013, the owner was excused, because, although he removed the covering of snow, he left unchanged a surface of ice that was dangerous when uncovered, although it did not appear that, if undisturbed, this would not have protected the wayfarer from slipping. Thus, it may be that the line of cleavage is not whether the protection to an existing danger has been removed, but whether the owner has physically changed the surface that causes the fall from a safe to a dangerous one.

 In the case at bar we need not say whether that is the right test, because here the owner did nothing of any kind to the surface, except to throw sand upon it. We say this, because there is no reason to suppose that, had the employees not removed any snow from the pavement at all, the patch of snow that lay under the truck would not have melted as much as it did, and would not have flowed down to the same place where it froze. In short, so far as appears, the removal of the snow that was in fact removed, had nothing to do with the creation of the danger. Finally, although the sanding of the ice patch showed that the engineer apprehended exactly what happened, and felt charged with a duty to fend against it, this fear did not impose any added duty on him, or on his employer. Thus, in Hendley v. Daw Drug Co., supra, 293 N.Y. 790, 59 N.E.2d 31, the employee had put salt on the sidewalk, showing that he too recognized a duty to make it safe; yet that fear did not impose upon him any duty to wayfarers, though it may well have been relevant as evidence of his duty to the municipality.

Judgment affirmed.